568 So.2d 121 (1990)
STATE of Florida, Appellant,
v.
Lisa Karen LOFTIS, Appellee.
No. 89-2121.
District Court of Appeal of Florida, Fifth District.
October 18, 1990.
*122 Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Judge.
The driver of an automobile was lawfully stopped and arrested. The arresting officer asked Lisa Karen Loftis, a passenger, to leave the car so that he could search the interior of the automobile, pursuant to New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). The officer discovered cannabis inside an open purse located on the front floorboard on the passenger side. The trial court granted Loftis's motion to suppress the evidence seized.
According to the Supreme Court in Belton, "... when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Moreover, the officer may examine the contents of containers found within the passenger compartment which are considered to have been within reach of the arrestee. Belton, 101 S.Ct. at 2864. The Court pointed out that this holding was consistent with the requirement in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), that the object searched be "within the arrestee's immediate control." Belton, 101 S.Ct. at 2865. Belton established a bright-line test of what is in an automobile occupant's immediate control: the entire passenger compartment of the automobile.[1] Loftis's purse was within the driver-arrestee's immediate control because it was in the passenger compartment of the automobile. The police officer conducted a legal search of the passenger compartment and Loftis's purse pursuant to the Belton bright-line test. The evidence found in the purse should not have been suppressed.
REVERSED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] The Supreme Court has since held that police officers who have legitimately stopped an automobile and have probable cause to believe contraband is concealed somewhere within it may conduct a warrantless search of every part of the vehicle and its contents, including containers and packages that may conceal the object of the search. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).