**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Jerico P. McMILLAN a/k/a Jerico Page
McMillon, Defendant–Appellant.**

**No. 91CA2130.**

Colorado Court of Appeals,
Div. II.

March 25, 1993.

Rehearing Denied April 22, 1993.

Certiorari Granted (Petitioner and
Cross–Petitioner) March 21, 1994.

**494**

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., David R. DeMuro, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

Gerash, Robinson & Miranda, P.C., Todd J. Thompson, Denver, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Jerico Page McMillan, appeals from the judgment of conviction entered after a trial to the court in which she was found guilty of possessing a controlled substance in violation of § 18–18–105, C.R.S. (1986 Repl.Vol. 8B). We reverse and remand for further proceedings.

Defendant was the sole passenger in a car stopped for a traffic violation. The officer making the stop took the driver into custody after learning from the dispatch operator that there were two active warrants out for her arrest. The dispatch operator also informed the officer that one of the warrants related to charges for possession of drug paraphernalia.

After the driver's arrest, the officer ordered defendant to step out of the car. Defendant complied and placed her purse on the front passenger seat. The officer then proceeded to the other side of the car where he observed a syringe between the driver's seat and the console. He then inquired whether anyone using the car was diabetic, and upon receiving a negative answer from the driver, he commenced a search of the passenger compartment which included defendant's purse. The officer found methamphetamine in a pouch inside the purse and subsequently arrested defendant for the charge of which she now stands convicted.

The only issue presented for our review is whether the trial court erred when it found that the warrantless search of defendant's purse was valid. We hold that the search was invalid and that the evidence seized from the purse should have been suppressed.

■ A warrantless search is *per se* unreasonable unless it falls within an established and well-delineated exception. *People v. Wright,* 804 P.2d 866 (Colo.1991). However, even searches falling within the scope of a recognized exception must satisfy the ultimate requirement of reasonableness. *People v. Boff,* 766 P.2d 646 (Colo.1988).

■ Under the automobile exception, applied by the trial court here, police are allowed to conduct a warrantless search of a car if there is probable cause to believe the car contains contraband. *People v. Naranjo,* 686 P.2d 1343 (Colo.1984). The exception is rooted in the "inherent mobility of motor vehicles and the diminished expectation of privacy in an object designed exclusively as a means of transportation." *People v. Thiret,* 685 P.2d 193, 202 (Colo.1984). Probable cause to support such a search exists if there are reasonable grounds to believe that contraband or evidence of criminal activity is located in the vehicle. *See People v. Melgosa,* 753 P.2d 221 (Colo.1988).

Defendant first argues that the officer had no probable cause to conduct any type of search. We disagree.

■ Given the totality of the circumstances including the syringe in plain view, the elimination of the possibility that anyone using or occupying the vehicle was suffering from diabetes, and the fact that the driver's

arrest was for charges related to the possession of drug paraphernalia, there were sufficient grounds to support the officer's reasonable belief that contraband would be present. *See People v. Naranjo, supra.*

While we agree with defendant that there are many legitimate uses for syringes, we agree also with the trial court's observation that syringes are "a common method used by people to ingest [sic] illegal drugs." The trial court found, as a matter of common knowledge, that it is unlikely a syringe being used for a legitimate purpose "would be found stuck between the console and the driver's side seat of a car out on the highways."

■ However, despite there being probable cause sufficient to permit a general search of the passenger compartment, defendant argues that the officer had no reasonable ground to believe her purse contained illicit drugs or other contraband. We agree.

The defendant was not under arrest at the time of the search, nor was there anything to indicate she had participated in criminal activity. The trial court found, with support in the record, that the officer had no articulable suspicion to believe that defendant had any kind of weapon, or contraband. And, inasmuch as he knew or should have known that the purse belonged to defendant, he did not have probable cause to search it. The sole factors connecting defendant to the possible possession of contraband were her association to the arrested driver and her presence in a vehicle found to contain a syringe. Therefore, without more, a search of defendant's purse under these circumstances was unreasonable, particularly given the extremely personal significance that a purse or wallet holds for its owner. *See People v. Wright, supra.*

■ Although the trial court determined that the officer lacked probable cause to search defendant's purse, it nevertheless found the search valid under the rule announced in *California v. Acevedo,* 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991).

In *Acevedo,* the United States Supreme Court overruled *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) which had held a warrant must be obtained to search a closed container found inside an automobile, even when there was probable cause to believe the container contained contraband. *Sanders* created the anomalous situation in which police were permitted to search a vehicle's interior including all containers found therein if they had probable cause to believe the car contained contraband. However, if police had probable cause to believe a particular container in the automobile contained contraband, they were authorized to seize it, but could only search the container after a warrant was obtained.

■ Under the clear-cut rule announced in *Acevedo,* police are now permitted to "search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." *California v. Acevedo,* 500 U.S. at ——, 111 S.Ct. at 1991, 114 L.Ed.2d at 634. However, the *Acevedo* Court adopted the limitation in *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), and held that police who do not have probable cause to believe that contraband was hidden in any other part of a vehicle would be without probable cause to search the entire vehicle. We conclude that this limitation on the rule, search of containers in vehicles, also pertains to a purse when it is known that it belongs to a passenger, even though within the car, when neither probable cause to arrest nor to search it is present.

■ The trial court also relied on *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) in holding that the search of defendant's purse was a valid search incident to the driver's lawful arrest. In *Belton,* a passenger's jacket found in the backseat of an automobile was searched after the passenger, the driver, and the car's other occupants were placed under arrest. The Court held that the search of the jacket was permissible as part of a search incident to the arrest of the car's occupants. However, when the officer conducted the search here, defendant was not under arrest, nor did the officer assert probable cause to arrest or search her; therefore, we find the holding in *Belton* inapposite.

The judgment of conviction is reversed, and the cause is remanded to the trial court for further proceedings.

HUME and SMITH,* JJ., concur.