619 So.2d 376 (1993)
STATE of Florida, Appellant,
v.
Rose MOORE, Appellee.
No. 91-00493.
District Court of Appeal of Florida, Second District.
May 26, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellee.
HALL, Acting Chief Judge.
The state appeals a trial court order granting the appellee's motion to suppress contraband seized from her purse, which was found on the front floorboard of a vehicle in which she had been a passenger. We reverse.
The appellee, Rose Moore, was a passenger in an automobile driven by Michael Henderson when it was stopped by a Pinellas County Sheriff's Deputy for speeding. Upon approaching the vehicle, the deputy executing the stop noticed the distinct scent of marijuana emanating from the vehicle. After obtaining Henderson's driver's license and running a check thereon, the officer further noticed there were two outstanding warrants on Henderson. The deputy thus arrested Henderson, searched *377 his person, and placed him in the back of the deputy's police cruiser.
After completing Henderson's arrest, the deputy returned to Henderson's vehicle, where Moore had remained sitting in the passenger seat. The deputy asked Moore to exit the vehicle, and upon her compliance with his request, the deputy began searching Henderson's vehicle, incident to Henderson's arrest. In conducting his search, the deputy noticed three purse-like bags on the front floorboard of the vehicle. Upon opening them, he found contraband in all three bags. As it turned out, one of the bags, i.e., the one containing a ball of cocaine powder, a marijuana cigarette, and a scale, just so happened to be Moore's handbag. Upon making that discovery, the deputy placed Moore under arrest.
In a pretrial motion, Moore asked the trial court to suppress any evidence seized from her purse based on her contention that she had not consented to a search of the contents of her pocketbook. The trial court granted Moore's motion, finding that the deputy herein executed a search of Moore's purse without obtaining Moore's consent. The trial court based its finding on the rationale that had Moore removed her purse from Henderson's vehicle when she was asked to exit it, the deputy could not have gained the authority to search Moore's purse without her consent. The state filed a timely notice of appeal.
Contrary to the trial court's conclusion, we do not consider the lack of consent to the search of the appellee's purse to be determinative. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). As this court said in Chapas v. State, 404 So.2d 1102, 1103-04 (Fla. 2d DCA 1981),
In the Belton case the Supreme Court adopted what it called a "straightforward rule" that the scope of a search incident to an arrest includes the interior of an automobile where the arrestee is the recent occupant of the automobile. While we might not agree that this rule should apply in all cases, and might find that the facts in the instant case are clearly distinguishable from those involved in Belton, we believe the Supreme Court in the Belton case has foreclosed the option of determining on a case-by-case basis whether the interior of an automobile is within the scope of a search incident to arrest. We read Belton as establishing a rule applicable to all cases involving the arrest of a recent occupant of an automobile, without regard to the facts in the particular case... . Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
Virtually on all fours with the instant case is State v. Loftis, 568 So.2d 121 (Fla. 5th DCA 1990), in which a search of a purse was found to have been proper. In that case, the driver of a vehicle was arrested and the passenger was ordered out of the car. The officer then searched the passenger's purse, which he found on the floor on the passenger side of the vehicle. In Loftis, the purse was found opened. In the instant case, Moore's purse was closed at the time it was discovered. That fact makes no difference, however, since Belton applies to both opened and closed containers. 453 U.S. at 461, 101 S.Ct. at 2864. See also State v. Allen, 407 So.2d 369 (Fla. 2d DCA 1981) (wherein the search of a closed purse discovered on the floor of the passenger compartment of the defendant's car was found to be proper).
Upon arrest of Henderson in the instant case, the deputy had a right to search Henderson's vehicle, as well as the purse located therein, incident to Henderson's arrest. The fact that the purse belonged to Moore, who was a passenger of the vehicle, did not render the search improper.
Accordingly, this cause is reversed and remanded with directions to set aside the order granting the Moore's motion to suppress.
THREADGILL and PATTERSON, JJ., concur.