The **PEOPLE** of the State of Colorado,
Petitioner/Cross–Respondent,

v.

**Jerico Page McMILLON,**
Respondent/Cross–
Petitioner.

No. 93SC336.

Supreme Court of Colorado,
En Banc.

April 3, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., David R. DeMuro, Sp. Asst. Atty. Gen., Denver, for petitioner, cross-respondent.

Gerash, Robinson & Miranda, P.C., Todd J. Thompson, Denver, for respondent, cross-petitioner.

Justice VOLLACK delivered the Opinion of the Court.

The petitioner and cross-respondent, the People of the State of Colorado, appeal from a decision by the court of appeals in *People v. Jerico P. McMillan a/k/a Jerico Page McMillon*, 870 P.2d 493 (Colo.App.1993), holding that the search of the purse of the respondent and cross-petitioner, Jerico Page McMillon (McMillon), was illegal and that the evidence seized from the purse should have been suppressed. We reverse and remand to the court of appeals to reinstate the judgment of conviction.

## I.

On March 24, 1992, Deputy John Hicks (Deputy Hicks) of the Jefferson County Sheriff's Department observed a car without working headlights and license plate lamp. Deputy Hicks lawfully stopped the vehicle and spoke with the driver. Deputy Hicks performed a computer check on the driver and learned that there were two outstanding warrants for the driver's arrest.[1] He thereafter arrested the driver and placed the driver in his patrol vehicle. He then asked McMillon, who was in the front seat, to step outside the vehicle. McMillon voluntarily left a purse on the front seat and got out of the car. As McMillon got out of the car, Deputy Hicks noticed a syringe between the driver's seat and the console between the seats. He asked the driver whether anyone in the vehicle was diabetic. The driver responded no.

Deputy Hicks thereafter returned to the passenger side of the vehicle and commenced an inventory search incident to the driver's arrest. During the course of this search, he noticed two purses, one lying on the passenger seat and one lying on the floorboard of the front passenger area. Deputy Hicks testified that he searched the purse lying on the seat and found inside the pouch of the purse "two clear baggies with a white powder substance and another bag with a white rock, off-white rock," which were later tested and found to be cocaine. This bag was determined to belong to McMillon based on identification found in her purse. Deputy Hicks also searched the other purse which was found on the floorboard of the front passenger side. Deputy Hicks testified that the

1. One of the warrants related to charges for possession of drug paraphernalia.

purse found on the floorboard was later determined to belong to the driver and also contained drug paraphernalia.

McMillon was charged with one count of unlawful possession of a schedule II controlled substance in violation of section 18-18-204, 8B C.R.S. (1994 Supp.). McMillon filed a motion to suppress the cocaine found in her purse. The trial court conducted a suppression hearing, and at the suppression hearing, Deputy Hicks was asked if he was concerned about anything in the car after he had arrested the driver, and after the passenger had been removed from the car and he had found the syringe. Deputy Hicks responded:

> Yes, weapons. Incident to the search, I didn't want to hand [the defendant] her purse, or whichever purse it was, with a weapon in—in it, a gun or a knife, so I proceeded to look into that purse.

Deputy Hicks further testified that he suspected the syringe could be drug paraphernalia and was concerned about the possibility of other drugs in the car. After finding the syringe, Deputy Hicks returned to the passenger side of the automobile and searched the car, including the purse that McMillon had placed on the passenger seat.

During direct examination, the prosecutor additionally asked Deputy Hicks if identification was the only thing he was looking for in the purse, and he replied:

> No, I was also looking for weapons. I didn't want to hand [the defendant] her purse with a gun or a knife in it.

Deputy Hicks additionally testified that he did not have any reason to know which purse belonged to which person. Further, the offense report stated that "[Deputy Hicks] proceeded to check a black purse that was laying on the right front passenger's seat for proper ownership."

At the conclusion of the suppression hearing, the trial court ruled that Deputy Hicks' search was a valid search of the interior of the passenger compartment of an automobile incident to a lawful arrest. Further, the trial court determined that Deputy Hicks had probable cause to believe that drugs might be found inside the vehicle based upon the driver's prior history of possession of drug paraphernalia, the existence of the syringe in plain view, and the fact that the officer had ruled out that the syringe was being used legitimately by a diabetic. Accordingly, the trial court denied McMillon's suppression motion.

At trial, McMillon was convicted of possession of a controlled substance and sentenced to four years' probation.

On appeal, the court of appeals reversed McMillon's conviction, holding that the search of McMillon's purse was illegal and that the evidence seized from the purse should have been suppressed.

We granted certiorari review on the following two issues:

> [Petitioner's Issue] Where a police officer lawfully arrested the driver of an automobile and had probable cause to search the passenger compartment, whether the court of appeals erred in holding that the officer's search of a passenger's purse in the vehicle was not proper either (1) under the "automobile exception" or (2) as a search of a vehicle incident to a lawful arrest of an occupant of the vehicle.

> [Cross–Petitioner's Issue] Whether the search of the defendant's purse violated the Colorado Constitution, since the greater protections under the Colorado Constitution prohibit the warrantless searches authorized by *New York v. Belton,* 453 U.S. 454[, 101 S.Ct. 2860, 69 L.Ed.2d 768] (1981).

## II.

McMillon contends that the police officer illegally searched her purse in the course of an automobile search undertaken pursuant to the arrest of the driver of the car. McMillon maintains that the evidence seized as a result of that search should have been suppressed.

The trial court found that the initial traffic stop of the vehicle was lawful and that Deputy Hicks had probable cause to search the interior of the vehicle for drugs after he found the syringe. The trial court made the following findings of fact:

I don't find that this police officer had probable cause to look into the defendant's purse. I find that he didn't need probable cause. I find that the purse was in the interior of the vehicle, and if he either had the right to search the interior of the vehicle or if he had probable cause to search the interior of the vehicle, then he had the right to search the defendant's purse even though he didn't have probable cause to go into that purse, and that's essentially what I find.

I find he didn't need probable cause to conduct a search of the interior of the vehicle because that search was conducted pursuant to a lawful arrest.

I find that he did have probable cause to search the interior of the vehicle for drugs because he found a syringe between the driver's side seat and console, and when he checked on the record of the driver, she had a record for possession of drug paraphernalia.

When those two facts are put together, I find that he had probable cause to believe that the driver may well have been in possession of drugs and that those drugs may well have been in the vehicle that the driver was in control of.

Although the trial court concluded that Deputy Hicks did not have probable cause to search McMillon's purse for drugs, the court found that the search was nevertheless authorized as a search incident to the driver's arrest under *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). In addition, the court concluded that the search of the purse was permitted as the search of a container inside a vehicle under *California v. Acevedo*, 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991),[2] since there

was probable cause to search the interior of the vehicle for drugs.

The court of appeals agreed that Deputy Hicks had "probable cause sufficient to permit a general search of the passenger compartment." *McMillan*, 870 P.2d at 495. The court of appeals, however, concluded that the automobile exception could not be applied to justify the search of the purse because Deputy Hicks did not have probable cause to search the purse, which he knew or should have known belonged to McMillon.

■ A warrantless search of a vehicle is per se unreasonable under Article II, Section 7, of the Colorado Constitution, and the Fourth Amendment to the United States Constitution unless it falls within one of the recognized exceptions to the warrant requirement. *See People v. Edwards*, 836 P.2d 468, 471 (Colo.1992) (citing *Colorado v. Bannister*, 449 U.S. 1, 101 S.Ct. 42, 66 L.Ed.2d 1 (1980)). The automobile exception, one of these exceptions, permits police officers "to search an automobile without a warrant when they have probable cause to believe the vehicle contains weapons or other evidence of a crime." *People v. Naranjo*, 686 P.2d 1343, 1346 (Colo.1984); *Colorado v. Bannister*, 449 U.S. 1, 3, 101 S.Ct. 42, 43, 66 L.Ed.2d 1 (1980) (stating that the automobile exception "exists when an automobile or other vehicle is stopped and the police have probable cause to believe it contains evidence of a crime"). "In the case of a search, probable cause means reasonable grounds to believe that contraband or evidence of criminal activity is located in the area to be searched." *People v. Melgosa*, 753 P.2d 221, 225 (Colo.1988).

The trial court relied upon three factors in finding that Deputy Hicks had probable cause to search the vehicle: (1) the driver's prior record for possession of drug parapher-

---

2. In *Acevedo*, the Supreme Court held that police may stop an automobile in order to conduct a warrantless search of a container in the vehicle when they have probable cause to believe that the specific container placed in a car contains the contraband. The Court stated as follows:

"[I]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."

*California v. Acevedo*, 500 U.S. 565, 570, 111 S.Ct. 1982, 1986, 114 L.Ed.2d 619 (1991) (quot-

ing *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982)).

Further, in *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), the Supreme Court determined that, under the automobile exception, police officers, who have legitimately stopped an automobile and have probable cause to believe contraband is concealed somewhere within it, may conduct a warrantless search of the vehicle, including any containers in which evidence might be found.

nalia; (2) the presence of the syringe between the driver's seat and the center console; and (3) the driver's statement either that she was not diabetic or that she and others who drove or used the car were not diabetic.

We conclude that Deputy Hicks had probable cause to search the vehicle because he had "reasonable grounds to believe" that the vehicle contained "contraband or evidence of criminal activity." We further conclude that neither Acevedo nor Ross requires a separate determination of probable cause for each closed container found within a vehicle. Accordingly, because Deputy Hicks had probable cause to search the vehicle under the automobile exception, he also had probable cause to lawfully search McMillon's purse located within the passenger compartment of the automobile, irrespective of whether Deputy Hicks knew or should have known that the purse belonged to McMillon.

### III.

The next issue we address is whether a warrantless search of a purse found in the passenger compartment of a vehicle, pursuant to a lawful custodial arrest, is in accordance with *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), when the property belongs to the passenger who was not subject to the arrest.

In Belton, the United States Supreme Court adopted a brightline test regarding the permitted scope of a search of the interior of an automobile incident to the lawful arrest of one of its occupants. The Court held that, "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile" and may also "examine the contents of any containers found within the passenger compartment," and such "container" may be searched whether it is open or closed.[3] *Id.* at 460, 101 S.Ct. at 2864.

The circumstances in *Belton* triggering the automobile search involved a state trooper who stopped an automobile for speeding and discovered that none of the occupants of the car was the owner of the car. In the course of the stop, the arresting officer smelled burnt marihuana and saw on the floor of the car an envelope with a trademark he associated with marihuana. *Id.* at 455–56, 101 S.Ct. at 2861–62. The trooper ordered the occupants out of the car and placed them under arrest. The trooper returned to the car and conducted a search of the passenger compartment of the car, finding cocaine in the zippered pocket of a jacket that was lying on the back passenger seat. Based on these facts, the Court upheld the search of the car incident to an arrest.

Under *Belton*, the police may validly search the belongings of a passenger after the driver of a vehicle has been arrested so long as the belongings are in the vehicle when the search is made. *See United States v. Vaughan*, 718 F.2d 332 (9th Cir.1983) (concluding that, if unarrested passenger had left briefcase in vehicle to be searched, under *Belton*, the briefcase could have been searched); *State v. Moore*, 619 So.2d 376 (Fla.Dist.Ct.App.1993) (holding that the deputy had a right to search automobile driver's vehicle upon arrest of driver, as well as purse located on floorboard of automobile, even though purse belonged to passenger of vehicle and passenger did not consent to the search); *People v. Prance*, 226 Cal.App.3d 1525, 1533, 277 Cal.Rptr. 567, 572 (1991) (concluding that a warrantless search of a passenger's jacket and purse, which items were within the immediate reach of the driver, was legally justified as incident to the arrest of the driver even though officer knew those items did not belong to the driver); *People v. Vermouth*, 20 Cal.App.3d 746, 754, 98 Cal.Rptr. 65, 70 (1971) ("A claim by the passenger in the vehicle of ownership of the container did not take away the right to search the container even though there [was] not probable cause to arrest the passenger.").

---

**3.** " 'Container' here denotes any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing and the like." *Belton*, 453 U.S. at 460 n. 4, 101 S.Ct. at 2864 n. 4.

■ In *State v. Loftis,* 568 So.2d 121 (Fla. Dist.Ct.App.1990), a case virtually identical to the one presented to us, the driver of an automobile was lawfully stopped and arrested, and the officer asked the passenger to leave the car so that he could search the interior of the automobile. The officer discovered drugs inside the passenger's already opened purse, located on the front floorboard on the passenger side of the vehicle. The court determined that the purse was within the driver-arrestee's immediate control and was subject to the search incident to the driver's arrest.[4]

In *Staten v. United States,* 562 A.2d 90 (D.C.1989), the police officers arrested the driver and searched the interior of the vehicle, including the interior of the locked glove compartment, pursuant to a lawful traffic stop. The court rejected the argument of the car owner that he had an expectation of privacy in the glove compartment of the automobile, and emphasized the importance of following the "bright-line rule" of Belton:

> In circumstances where the police stop a vehicle with multiple passengers and arrest one of them, the need for the police to discover either hidden weapons which could be turned upon them or evidence which could be destroyed is no less acute simply because a person other than the arrestee owns the "container" in which those items might be located. In fact, because of the number of people involved, the need may be greater. Third-party ownership of the auto or "containers" therein would not necessarily prevent the arrestee from gaining access to those items. It should not, therefore, bar the police from searching them in the same manner as if they were owned by the arrestee.
>
> ... [W]e think that the arrest justifies the reasonable infringement on any privacy interest that another passenger in the automobile may have in that container.

*Staten,* 562 A.2d at 92.

■ We hold that the logic of Belton's holding applies with particular force to these facts. In light of *Belton,* and other courts'

application of *Belton,* we conclude that the search of McMillon's purse was lawful under the factual circumstances presented here. Accordingly, the evidence found in the purse should not have been suppressed.

■ We lastly turn to the question of whether the search of McMillon's purse violated the Colorado Constitution. In addressing this question, we survey Colorado case law to determine whether the framework and principles articulated in *Belton* have been applied in *Colorado.*

In *People v. Henry,* 631 P.2d 1122 (Colo. 1981), this court determined that the police lawfully searched the passenger compartment of the vehicle incident to the arrests of the occupants of the car. Specifically, this court concluded that Belton mandated the reversal of the trial court's suppression of the revolver found in the car:

> The propriety of seizing the revolver from the Pontiac automobile is controlled by the recent pronouncement of the United States Supreme Court in *New York v. Belton*[, 453 U.S. 454[, 101 S.Ct. 2860, 69 L.Ed.2d 768] (1981) ].

*Id.* at 1128.

Further, in *People v. Tottenhoff,* 691 P.2d 340 (Colo.1984), this court determined that the cocaine found in the passenger compartment of the defendant's vehicle was properly seized pursuant to a search incident to a lawful arrest. This court stated, in dicta:

> Because the district court's suppression ruling addressed only the seizure of the cocaine and money from the defendant's person and not the seizure of the items from the passenger compartment of the defendant's automobile, the propriety of the officer's seizure of these items from the passenger compartment of the defendant's automobile is not an issue on this appeal. We note, however, that when a person has been stopped while operating a motor vehicle and thereafter arrested in or about the vehicle, the arresting officer may search the passenger compartment of the automobile as incident to the arrest. A

---

4. The purse in *Loftis* was found opened, whereas McMillon's purse was found closed at the time of

the search. We do not consider this to be a significant difference requiring a contrary result.

search of the entire vehicle may also be justified if there is independent probable cause to believe the vehicle contains contraband or evidence of criminal activity.

*Id.* at 343 n. 7 (citing *Belton,* 453 U.S. 454, 101 S.Ct. 2860; *U.S. v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572).

In *People v. Bland,* 884 P.2d 312 (Colo. 1994), we stated:

> [*United States v.*] *Robinson,* [414 U.S. 218[, 94 S.Ct. 467, 38 L.Ed.2d 427] (1973) ],[5] *Gustafson [v. Florida,*[6] 414 U.S. 260[, 94 S.Ct. 488, 38 L.Ed.2d 456] (1973) ], and [*People v.*] *Bischofberger*[,][7] [724 P.2d 660 (Colo.1986),] . . . stand for the proposition that a full search incident to arrest is authorized when police effect a lawful custodial arrest. See also *New York v. Belton,* 453 U.S. 454, 460[, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768] (1981). . . .

*Id.* at 317–18.

Finally, in *People v. Edwards,* 836 P.2d 468 (Colo.1992), the defendant argued that the warrantless search of the automobile for a gun violated his rights under Article II, Section 7, of the Colorado Constitution. We held that the police officer had probable cause to search a locked trunk of a vehicle, or any part of the vehicle, which might have contained the gun allegedly used in a burglary.

Based on this line of cases, we hold that the admission of the evidence is supported by prior Colorado case law in which we have

upheld the same concepts espoused in *Belton.*

## IV.

We hold that Deputy Hicks lawfully searched McMillon's purse pursuant to both the automobile exception and the Supreme Court's decision in *New York v. Belton.* We therefore reverse and remand to the court of appeals to reinstate the judgment of conviction.

---

5. In *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), the defendant was subjected to a search of his person incident to an arrest for driving an automobile without an operator's license. In the course of the search, the arresting officer removed a "crumpled cigarette package" from the defendant's pocket, opened it up, and saw gelatin capsules later identified as heroin capsules. The Supreme Court determined that a custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment and that a search of the person of the arrestee incident to the arrest requires no additional justification other than the lawful arrest itself:

> A police officer's determination as to how and where to search the person of a suspect whom he has arrested is necessarily a quick ad hoc judgment which the Fourth Amendment does

not require to be broken down in each instance into an analysis of each step in the search. *Id.* at 235, 94 S.Ct. at 476.

6. In *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973), the Supreme Court held that a police officer who had lawfully stopped the driver of an automobile for a traffic offense and arrested him could constitutionally conduct a patdown search of the defendant's person incident to the lawful custodial arrest.

7. In *People v. Bischofberger,* 724 P.2d 660 (Colo. 1986), this court determined that the examination of the contents of a container seized from the defendant's person incident to a valid custodial arrest did not violate the Fourth Amendment.