[No. A067837. First Dist., Div. Three. July 10, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
THERESA MAY MITCHELL, Defendant and Appellant.

## COUNSEL

Terry Davis, Public Defender, and Jess Raphael, Deputy Public Defender, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CORRIGAN, J.**—Following her plea of no contest to one count of possession of methamphetamine, defendant Theresa May Mitchell appeals on the sole ground that her motion to suppress evidence was erroneously denied. We disagree and affirm the judgment. We hold here that pursuant to the arrest of an occupant of a vehicle, police may search the passenger compartment and any containers therein, including containers belonging to nonarrested individuals.

### FACTS

At approximately 11 p.m. on the night of February 4, 1994, Napa County Deputy Sheriff Mark Foster stopped a car with an unlighted taillight. Defendant was the passenger and her husband the driver. Because defendant was

not wearing her seat belt, Foster asked for her identification. Defendant told Foster she had no driver's license or California identification card, then reached into her purse and pulled a check cashing card from her wallet.

Foster arrested defendant's husband for driving with a suspended license. Pursuant to that arrest, Foster searched the car and its contents, including defendant's purse, which he found on the floorboard in front of the passenger seat. He acknowledged that the purse belonged to a woman. Inside the purse were a glass pipe with burnt residue, a plastic bag containing a white powder, and defendant's expired driver's license. Foster arrested defendant. The powder found in her purse was .17 grams of methamphetamine.

## DISCUSSION

■ Defendant argues that the arrest of her husband may have permitted the search of the passenger compartment, but not of the purse that clearly belonged to her, not the arrestee.[1] We disagree. In *New York* v. *Belton* (1981) 453 U.S. 454, 460 [69 L.Ed.2d 768, 774-775, 101 S.Ct. 2860] (*Belton*), the United States Supreme Court set forth as a "bright-line"[2] rule that the lawful custodial arrest of a vehicle's occupant permits officers to contemporaneously search the passenger compartment and any containers therein. This rule has its roots in the case of *Chimel* v. *California* (1969) 395 U.S. 752, 763 [23 L.Ed.2d 685, 694, 89 S.Ct. 2034], which held that a warrantless search of an arrestee incident to a lawful custodial arrest extends to the area " 'within his immediate control,' " in order to prevent the arrestee from gaining control of a weapon or destroying evidence. *Belton* reaffirmed *Chimel* in the context of those arrested in vehicles but stated further that the area of the arrestee's immediate control always includes the passenger compartment of the vehicle and its containers. (*Belton, supra,* at p. 460 & fns. 3, 4 [69 L.Ed.2d at pp. 774-775].) The search is permitted even after an arrestee has been removed from the vehicle and restrained. (*People* v. *Hunt* (1990) 225 Cal.App.3d 498, 507-509 [275 Cal.Rptr. 367].)

In *Belton,* the driver and all his passengers had been arrested before the officer searched the car. (453 U.S. at pp. 455-456 [69 L.Ed.2d at p. 772].) The question arises here whether *Belton* permits the search of a container in

---

[1]Defendant also contends there was insufficient evidence that her husband was subjected to a custodial arrest. She did not argue this point in the trial court and raised it here for the first time in her reply brief. The issue was uncontested below. We decline to consider it at this late stage of the process.

[2]The characterization of the majority's holding in *Belton* as a "bright-line" was first employed by Justice Brennan in his dissent in that case. (453 U.S. at p. 463 [69 L.Ed.2d at p. 777].) It is, of course, now part of the Fourth Amendment idiom, and we perpetuate its use here.

the vehicle's interior, pursuant to the arrest of one occupant, when the container belongs to another, nonarrested person. We hold that *Belton* permits such a search.

This court faced a similar question in *People* v. *Prance* (1991) 226 Cal.App.3d 1525 [277 Cal.Rptr. 567] (*Prance*). We framed the issue in *Prance* as "whether the search of [the passenger's] jacket and purse was legally justified as incident to the lawful arrest of [the driver], even though the officer knew at the time that these items of personal property did not belong to [the driver]." (*Id.* at p. 1531.) Defendant seeks to distinguish *Prance* on its facts. There, an officer approached a parked truck to issue a citation. The driver, who appeared nervous, held a newspaper in front of his body, concealing the interior of the truck from the officer's view. (*Id.* at pp. 1527-1528.) When the officer asked the driver to step from the truck, she saw a vial, apparently containing a controlled substance, fall to the floorboard. At that point, the driver was arrested. (*Id.* at pp. 1528-1529.) As the driver was being handcuffed at the rear of the truck, the passenger, Prance, stepped from the vehicle. She leaned back in, appearing to fumble with something in the cab, and walked away, leaving her purse and jacket on the front seat. A subsequent search of the purse and jacket produced contraband.[3] (*Id.* at p. 1529.)

Defendant relies on the furtive gestures of the driver and the defendant in *Prance* to suggest that *Belton* does not extend to the facts before us, wherein there were no furtive gestures and no suggestion of an effort to conceal a weapon or contraband. Although in *Prance* we discussed the facts at length because the officer testified in detail about her concern for her safety, our conclusion adhered to the "bright-line" rule: "[The purse and jacket] were therefore within the scope of the kind of search found reasonable and justifiable by the Supreme Court in *Chimel* and *Belton*. Nothing in those cases requires that the areas searched within the reach of the arrestee must themselves be his or her personal property." (226 Cal.App.3d at p. 1533, fn. omitted (maj. opn. by Merrill, J.).)

Defendant relies on *United States* v. *Vaughan* (9th Cir. 1983) 718 F.2d 332 for the proposition that nonarrestees may object to the search of their personal property during *Belton* searches. In *Vaughan*, however, the nonarrestee had removed his briefcase from the vehicle when the driver and another passenger were arrested. In rejecting the government's argument that the search was authorized by *Belton*, the court stated: ". . . Vaughan did not

---

[3]Prance was arrested before the search of the purse and jacket. However, the trial court determined that arrest was unlawful. (*Prance, supra,* 226 Cal.App.3d at p. 1530.) Consequently, the search could not be justified as incident to Prance's lawful arrest.

leave the briefcase in the car, nor was he in the car when his companions were arrested. *If he had left the briefcase in the car, admittedly it could have been searched."* (*Id.* at p. 334, italics added.) Clearly, *Vaughan* not only does not support defendant's position but, by way of dictum, supports the result we reach here.

Defendant has cited a single case affirming her position, *State* v. *Gilberts* (N.D. 1993) 497 N.W.2d 93. Other cases hold to the contrary. (*People* v. *McMillon* (Colo. 1995) 892 P.2d 879; *State* v. *Moore* (Fla.Dist.Ct.App. 1993) 619 So.2d 376; *State* v. *Loftis* (Fla.Dist.Ct.App. 1990) 568 So.2d 121.)

In *Staten* v. *U.S.* (D.C. 1989) 562 A.2d 90, the defendant was a passenger in his own car being driven by another. After the driver's arrest for driving under the influence of alcohol, a search of the glove compartment revealed a loaded gun. The defendant was charged with possession of that gun, but claimed the search was unlawful. The appellate court rejected the claim: "In circumstances where the police stop a vehicle with multiple passengers and arrest one of them, the need for the police to discover either hidden weapons which could be turned upon them or evidence which could be destroyed is no less acute simply because a person other than the arrestee owns the 'container' in which those items might be located. In fact, because of the number of people involved, the need may be greater. Third-party ownership of the auto or 'containers' therein would not necessarily prevent the arrestee from gaining access to those items. It should not, therefore, bar the police from searching them in the same manner as if they were owned by the arrestee. [¶] The Supreme Court has observed that the justification for this type of search is 'not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have.' *Belton, supra,* 453 U.S. at 461, [69 L.Ed.2d at p. 775] 101 S.Ct. at 2864. So too, we think that the arrest justifies the reasonable infringement on any privacy interest that another passenger in the automobile may have in that container." (*Staten* v. *U.S., supra,* 562 A.2d at p. 92.)

We agree and note such a conclusion is consistent with the Supreme Court's goal in *Belton* to create a bright-line rule: "In short, '[a] single familiar standard is essential to guide police officers, who have only limited time and expertise to reflect on and balance the social and individual interests involved in the specific circumstances they confront.' [Citation.]" (*Belton, supra,* 453 U.S. at p. 458 [69 L.Ed.2d at pp. 773-774].) Adopting the result urged by defendant would dim the luminosity of the court's bright line. Officers would be challenged to discern whether individual containers might belong to someone other than the arrestee. Litigation would revolve

around the location of containers, whether the items were more likely to belong to a person of one gender or another, claims of ownership given by arrestees or others with motives to be less than candid, and other such distinctions. Such fact-specific inquiries leave both citizen and officer with little or no guidance.[4] It was to avoid these circumstances that the Supreme Court spoke with clarity. We decline to inject confusion into this body of law. We hold that a search incident to the arrest of an occupant of a vehicle extends to the passenger compartment of the vehicle and containers therein, including those possessed by nonarrested occupants.

DISPOSITION

The judgment is affirmed.

Chin, P. J., and Merrill, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 19, 1995. Mosk, J., was of the opinion that the petition should be granted.

---

[4]"When a person cannot know how a court will apply a settled principle to a recurring factual situation, that person cannot know the scope of his constitutional protection, nor can a policeman know the scope of his authority." (*Belton, supra,* 453 U.S. at pp. 459-460 [69 L.Ed.2d at p. 74].)