The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Hubbert Herbert ROY, Defendant– Appellant.**

**No. 95CA1278.**

Colorado Court of Appeals, Div. I.

June 12, 1997.

Rehearing Denied July 10, 1997.

Certiorari Denied Dec. 22, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John D. Seidel, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, Hubbert Herbert Roy, appeals the judgment entered upon a jury verdict finding him guilty of possession of cocaine. He also challenges the sentence imposed. We affirm.

Police officers originally stopped defendant for playing his car stereo too loudly. However, the officers testified that, while running the standard checks on defendant's license, they noticed that defendant had climbed into the passenger seat and had reached into the back seat with his left arm.

After witnessing this unusual behavior, the officers discovered that defendant had several outstanding traffic warrants. As a result, the officers placed him under arrest.

After he was handcuffed, but before he was placed in the police car, defendant asked one of the officers to move his stereo equipment from the back seat of the car to the trunk.

One officer took each of the items from the back seat, inspected it, and put it in the car's trunk. The last item was a one-foot square, unzipped cassette case. The officer opened the lid of the case and found a plastic bag containing what appeared to be crack cocaine, which he seized.

Prior to trial, defendant moved to suppress the physical evidence obtained as a result of this search. He also requested a fingerprint analysis of the plastic bag containing the cocaine. The trial court denied both motions.

At trial, the parties stipulated that the material in the seized plastic bag contained cocaine base. Based on this stipulation, the jurors were instructed that they were required to consider this stipulated fact as having been "conclusively proven." As noted, a verdict of guilt of possession was returned by them.

### I.

Defendant first contends that the trial court erred by denying his motion to suppress the evidence found during the search of his vehicle. We disagree.

■ Consistent with the requirements of the Fourth Amendment, when police make a lawful arrest of the occupant of an automobile, they may conduct a contemporaneous search of the passenger compartment of that vehicle. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). This search may include containers within the vehicle, whether open or closed. *People v. McMillon,* 892 P.2d 879 (Colo.1995).

■ Contrary to defendant's assertion, this type of search is lawful even if the arrestee is away from the vehicle and safely within police custody at the time of the search. *People v. Savedra,* 907 P.2d 596 (Colo.1995); *see United States v. Patterson,* 993 F.2d 121 (6th Cir.1993).

■ Here, defendant does not argue that his arrest was unlawful, given the outstanding warrants for his arrest, nor does he deny that he was an occupant of the vehicle searched. Hence, in light of *Belton* and its progeny, we conclude that the search of the closed cassette container here was lawful.

Defendant's contention that the search here violated Colo. Const. art. II, § 7, is also without merit. *See People v. McMillon, supra.*

Accordingly, we conclude that the trial court did not err in refusing to suppress the evidence found in the container.

### II.

Defendant next contends that the trial court erred by denying his motion, pressed under Crim. P. 41.1(g), for a fingerprint analysis. Under the circumstances here, we conclude that no error occurred.

Prior to trial, defendant moved the court, pursuant to Crim. P. 41.1, to order that the People conduct an analysis of any fingerprints found on the plastic bag containing the cocaine. In denying defendant's motion, the trial court held that defendant did not have standing under Crim. P. 41.1 to request such an analysis.

■ However, the trial court also specifically noted that, under the rules of discovery, defendant could have his expert take fingerprints from the materials seized and compare

them to defendant's fingerprints. Defendant chose not to pursue this option or to ask the court to have a fingerprint expert's services provided at state expense. *See* § 18–1–403, C.R.S. (1996 Cum.Supp.); *Brown v. District Court,* 189 Colo. 469, 541 P.2d 1248 (1975) (appointment of expert pursuant to § 18–1–403 discretionary with trial court and is dependent upon whether the services sought are reasonable, necessary, and helpful to defendant's defense).

Given these circumstances, we perceive no error in the trial court's denial of plaintiff's motion.

## III.

Defendant next contends that the trial court committed reversible error by instructing the jury that an essential element of the charged offense had been conclusively proven. We disagree.

On the first day of trial, the parties stipulated that the plastic bag the police found in the cassette case contained cocaine. Thereafter, the trial court, in both its oral and written instructions, informed the jurors that, with respect to the facts referred to in the stipulation, they *"must* regard those facts as conclusively proven." (emphasis added) This instruction went further than the standard instruction contained in *COLJI–Crim.* No. 4:12 (1993), which provides that, when facts are stipulated to, the jurors *"may* regard those facts as proven." (emphasis added)

Notwithstanding his stipulation, defendant contends that, by advising the jurors that they "must," rather than "may," regard the stipulated fact as conclusively proven, the court removed an essential element from the jury's consideration.

■ Because defendant did not object to the trial court's instruction, this contention is properly reviewed under the plain error standard. *People v. Geyer,* 942 P.2d 1297 (Colo. App. 1996). Under this standard, defendant must demonstrate that the error so undermined the fundamental fairness of the trial that it casts serious doubt on the reliability of the verdict. *Harris v. People,* 888 P.2d 259 (Colo.1995).

■ Defendant relies heavily upon *United States v. Jones,* 65 F.3d 520 (6th Cir.1995) (*Jones I*), *vacated & reh'g en banc granted,* 73 F.3d 616 (6th Cir.1995), in which a panel of the Sixth Circuit held that it was plain error for a trial court to instruct a jury that an essential element of a crime has been established when defendant has stipulated to the facts which prove that element. However, *Jones I* is of little persuasive value because, upon rehearing, the Sixth Circuit, *en banc,* vacated the original opinion and affirmed the conviction, although its opinion does not make clear whether it considered the instruction to have been erroneous. *United States v. Jones,* 108 F.3d 668 (6th Cir.1997).

Moreover, in *United States v. Mason,* 85 F.3d 471 (10th Cir.1996), the Tenth Circuit Court of Appeals criticized *Jones I* and the cases relied upon by its majority for their failure to distinguish between a stipulation as to evidence, on the one hand, which is nevertheless still subject to evaluation by the jury, and a stipulation whereby a defendant judicially admits facts constituting one of the elements of the crime charged.

In recognizing this distinction, the court stated:

> When the only evidence tends to establish an elemental fact, or when the parties *stipulate to evidence* tending to establish an elemental fact, the jury must still resolve the existence or nonexistence of the fact sought to be proved. In contrast, the jury need not resolve the existence of an element when the parties have *stipulated to the facts* which establish that element. In the latter circumstance, the judge has not removed the consideration of an issue from the jury; the parties have. More specifically, by stipulating to an elemental *fact,* a defendant waives his right to a jury trial on that element.

*United States v. Mason, supra,* 85 F.3d at 472 (emphasis supplied).

This analysis is sound, and it applies here. By entering into the stipulation, defendant chose not to have a jury determine whether the substance contained in the plastic bag seized was cocaine. Rather, he judicially

admitted its nature, and to this extent, he waived his right to a jury determination of that issue.

Hence, the court's instruction here was consistent with defendant's right to a jury determination of every element of the crime charged except to the extent that such right had been waived. We perceive no instructional error, plain or otherwise.

## IV.

Defendant finally contends that the trial court abused its discretion by sentencing him to twelve years in the Department of Corrections, the maximum sentence in the aggravated range. There was no abuse of discretion.

The crime for which defendant was convicted is a class four felony which carries a presumptive sentence of two to six years. Section 18–1–105(1)(a)(V)(A), C.R.S. (1996 Cum.Supp.). However, because defendant was on probation at the time he committed this offense, the court was required to sentence him to an enhanced term of at least four years, but not more than twelve years. *See* § 18–1–105(9)(a)(III), C.R.S. (1986 Repl. Vol. 8B).

Because a trial court does not need to make specific findings when sentencing a defendant to a mandatorily enhanced sentence under § 18–1–105(9)(a), C.R.S. (1986 Repl.Vol. 8B), defendant's claim that the court abused its discretion in failing to make specific findings, detailing its reasons for varying from the presumptive range, is without merit. *See People v. Olivas*, 911 P.2d 675 (Colo.App.1995).

The trial court did not abuse its discretion in sentencing defendant.

The judgment and sentence are affirmed.

METZGER and MARQUEZ, JJ., concur.