789 So.2d 1021 (2001)
Sharon BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1351.
District Court of Appeal of Florida, Second District.
April 6, 2001.
Rehearing Denied May 19, 2001.
James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Sharon Brown appeals judgments convicting her of possession of methamphetamine and marijuana. Ms. Brown pleaded nolo contendere to the charges, reserving her right to appeal a dispositive motion to suppress the drugs found in her fanny pack during a search of the passenger compartment of a car. We reverse. The driver's consent to search the car was not a valid third-party consent to search items such as purses and fanny packs possessed by a passenger.
Ms. Brown was the passenger in an automobile that law enforcement stopped for a traffic infraction. The only other occupant was the male driver. During the stop, a police officer observed Ms. Brown sitting in the passenger seat with a fanny pack in her lap. The officer asked the driver if he could search the vehicle for narcotics, and the driver agreed.
The officer instructed the driver and Ms. Brown to get out of the car so that he could search it. As she left the car, Ms. *1022 Brown placed the fanny pack on the floorboard in front of the passenger seat. Although he knew the fanny pack had been in her possession, the officer did not ask Ms. Brown for her consent to search the pack. As part of the search, however, the officer opened the fanny pack and found the illegal drugs inside.
Ms. Brown moved to suppress the evidence discovered in the fanny pack. She conceded the traffic stop was appropriate, but argued that the officer had no probable cause to search her fanny pack, and that she had not consented to the search. The State conceded that there was no probable cause to search the fanny pack, but argued that the driver's consent to search the vehicle for narcotics extended to the fanny pack.
The police would not have had the authority to search this fanny pack without Ms. Brown's consent if she had kept it on her person when she exited the car. See McNeil v. State, 656 So.2d 1320 (Fla. 5th DCA 1995) (holding impermissible seizure occurred when female passenger in vehicle stopped for traffic infraction was required to leave purse in car subject to drug sniff absent independent suspicion of passenger); Johnson v. State, 537 So.2d 117, 119 (Fla. 1st DCA 1989) (citing State v. Gustafson, 258 So.2d 1, 3 (Fla.1972)) (holding, "The routine stopping of a vehicle for a traffic citation does not give rise to any reason or authorization for a search."). In addition, the driver did not have actual authority to authorize the search. The search was valid only if the driver had the apparent authority to consent to the search of the fanny pack, either through the driver and passenger's shared use or joint access to the fanny pack or because the circumstances gave rise to a reasonable belief that the driver had authority to consent to the search of the pack. Thus, the narrow issue presented is whether an officer has a reasonable basis to conclude that a driver's consent to search a car includes a search inside a passenger's purse or fanny pack if the passenger leaves the item in the car when ordered by the police to get our of the car. We hold that the officer must inquire of the passenger before searching inside such a purse or fanny pack.
The United States Supreme Court has recognized the validity of searches based upon the consent of a third party with apparent authority to consent. In United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the Supreme Court held that a third party who has joint access or control of a premises may provide a valid and binding consent to search the property in the absence of the nonconsenting person. Subsequently, the Supreme Court extended the validity of third-party consent in Illinois v. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990), and held that a search is constitutional if based upon the consent of a third party when an officer has a reasonable basis to believe that the consenting person has common authority over the premises. The burden is on the State to establish common authority or apparent authority to consent to the search. Rodriguez, 497 U.S. at 181, 110 S.Ct. 2793. See also Saavedra v. State, 622 So.2d 952 (Fla. 1993) (adopting the common authority test set out in Matlock to determine validity of third-party consent).
The Supreme Court has not addressed the validity of a third-party consent under circumstances similar to those presented here. In addition, the parties have not cited any Florida decision that is dispositive of this case.[1] The only Florida case *1023 discussing the validity of a third-party consent to a search under somewhat similar circumstances is State v. Walton, 565 So.2d 381 (Fla. 5th DCA 1990). In Walton, the Fifth District held that a driver's consent to search an automobile, and specifically the contents of the trunk, extended to a suitcase located in the trunk over which the passenger and driver had common authority, even when the suitcase ultimately belonged to the passenger. In Walton, however, the officer conducting the search had no indication to whom the suitcase belonged, given its location and nature.[2] In this case, Ms. Brown's zippered fanny pack rested on her lap when the officer first saw it, indicating that this personal item, not generally shared between two persons, was not something that the driver could give a consent to search. Furthermore, this court has questioned whether an officer may rely upon a third party's consent to search when the owner of the item is present and available to consent. State v. Miyasato, No. 2D00-936, 26 Fla. L. Weekly D698, ___ So.2d ___, 2001 WL 220012 (Fla. 2d DCA Mar.7, 2001). See also Pinyan v. State, 523 So.2d 718, 721 (Fla. 1st DCA 1988) (holding that joint occupant may provide valid consent only if other party is not present).
Given the lack of precedent in Florida, we are persuaded by cases in other jurisdictions that have held that a driver lacks the apparent authority to consent to a search of a passenger's purse. State v. Friedel, 714 N.E.2d 1231 (Ind.Ct.App. 1999); People v. James, 645 N.E.2d 195, 163 Ill.2d 302, 206 Ill.Dec. 190 (1994); State v. Caniglia, 510 N.W.2d 372, 1 Neb. App. 730 (Ct.App.1993). In Friedel, police officers obtained the consent of a male driver to search his vehicle. 714 N.E.2d at 1235. During the search, the police found a purse under the seat where Ms. Friedel had been seated when the consent was obtained. Id. Without obtaining consent from Ms. Friedel, the officer opened the purse and found methamphetamine and marijuana inside. Id.
The Court of Appeals of Indiana upheld the trial court's decision to suppress this evidence. Id. at 1243. The Indiana court reasoned that there was no evidence the purse was jointly owned, used, or controlled by the male driver. Id. at 1241. In addition, the Indiana court held that it was not reasonable for the officer to believe that the male driver had the authority to consent to the search of the purse. Id. at 1240. The purse was a woman's handbag, an item not generally shared or used by two or more persons, and it was located beneath the seat where Ms. Friedel, the only woman occupant of the car, had been sitting. Id.
*1024 Similarly in this case, although Ms. Brown and the driver may have exercised shared use and joint access and control over the car in which they were stopped, this "shared use" could not apply to the fanny pack in Ms. Brown's lap. The fanny pack, like a purse, is a container suggesting individual ownership, in which a person has a significant expectation of privacy. Cf. Caniglia, 510 N.W.2d 372, 1 Neb.App. 730 (holding driver could not consent to search of passenger's makeup bag). The officer here never saw the pack in the driver's possession, and knew that Ms. Brown was in possession of it until he ordered her out of the car. Under these circumstances, it was not reasonable for the officer to assume that the male driver had the apparent authority to consent to the search of the pack. See United States v. Welch, 4 F.3d 761 (9th Cir.1993) (holding male driver's consent to search car did not extend to woman's purse located in trunk; consent was not valid based upon common authority when woman had great expectation of privacy in contents of purse; officers could not have reasonable belief that male driver had authority to consent to search of purse).
In addition, Ms. Brown did not abandon the pack merely by placing it on the floorboard as she left the vehicle. See Lang v. State, 671 So.2d 292 (Fla. 5th DCA 1996). This action was done in response to the officer's show of authority when he ordered Ms. Brown out of the car. See, e.g., Popple v. State, 626 So.2d 185, 188 (Fla.1993) (holding that directing person to exit vehicle constituted show of authority because reasonable person would believe he should comply). Although Ms. Brown left the pack in the vehicle, the officer was presented with sufficient evidence that Ms. Brown owned it. He was thus compelled to get Ms. Brown's consent to open the zippered pack and look inside it. See W. LaFave, Search and Seizure: A Treatise on the Fourth Amendment, § 8.3(g) (2d ed.1987) (suggesting police "must be required to make reasonable inquiries when they find themselves in ambiguous circumstances").
Reversed and remanded for discharge.
PARKER, A.C.J., and SALCINES, J., concur.
NOTES
[1] The State relies in part on cases discussing the proper scope of a search incident to arrest or a search based upon probable cause. See, e.g., State v. Moore, 619 So.2d 376 (Fla. 2d DCA 1993); State v. Loftis, 568 So.2d 121 (Fla. 5th DCA 1990). These cases rest upon the premise that a search incident to arrest includes authority to search all objects within the arrestee's immediate control. When a search is conducted based upon consent, however, the scope of the search depends upon the nature and extent of the consent. See, e.g., Jacobs v. State, 733 So.2d 552 (Fla. 2d DCA 1999); Jackson v. State, 730 So.2d 364 (Fla. 4th DCA 1999). Thus, Moore and Loftis do not apply.
[2] In State v. Walton, 565 So.2d 381 (Fla. 5th DCA 1990), the Fifth District also based its conclusion heavily on the fact that Walton stood silent while the search progressed. There was evidence Walton knew the driver gave consent to search the vehicle, and then also stood by when the officer returned to ask the driver to assist in opening the trunk where the suitcase was found. Walton's silence is notable, primarily because it prevented the officer from knowing who owned the luggage. Compare State v. Suazo, 627 A.2d 1074, 133 N.J. 315 (1993) (holding driver lacked authority to consent to search of passenger's luggage when passenger informed searching officer that luggage belonged to passenger). However, Walton's silence could not be deemed consent. See Bailey v. State, 319 So.2d 22 (Fla.1975).