[No. F052913. Fifth Dist. July 15, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
WENDY NICHOLE BAKER, Defendant and Appellant.

---

**COUNSEL**

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Christina Hitomi, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**WISEMAN, J.—**

### PROCEDURAL AND FACTUAL SUMMARIES

On February 6, 2007, appellant Wendy Nichole Baker was charged by information filed in Kern County Superior Court with possession of methamphetamine, a violation of Health and Safety Code section 11377, subdivision (a). The information further alleged that Baker had served a prior prison term within the meaning of Penal Code[1] section 667.5, subdivision (b). After her motion to suppress evidence was denied, Baker entered a plea of no

---

[1] All further references are to the Penal Code unless otherwise noted.

contest to misdemeanor possession of methamphetamine. At sentencing, the court suspended imposition of sentence and placed Baker on probation for three years pursuant to section 1210.1. After obtaining a certificate of probable cause, Baker appeals from the denial of her motion to suppress.

Baker was arrested after the car she was riding in as a passenger was stopped for speeding. When the officer approached the car after initiating the stop, the driver, a male, stated that he was on active parole. After confirming this information, the officer decided to conduct a search of the car pursuant to the terms of the driver's parole. Baker was the only passenger in the car and seated in the front passenger seat. Her purse was sitting at her feet. The officer asked Baker to exit the car so he could conduct the search. Baker did so without taking her purse and without asserting ownership of the purse. The officer searched the entire car and found nothing. He then searched the purse and found a folded tinfoil packet inside one of the two outside pockets of the purse containing a small usable amount of methamphetamine. After finding the drugs, the officer looked inside the purse and found Baker's California identification card. Baker admitted the purse was hers.

## *DISCUSSION*

Baker claims the motion to suppress should have been granted because the search of her purse cannot be justified by the driver's parole search condition. We agree and will reverse.

On appeal from the denial of a motion to suppress (§ 1538.5), our standard of review is settled. We defer to the trial court's express or implied factual findings if supported by substantial evidence, but independently apply constitutional principles to the trial court's factual findings in determining the legality of the search. (*People v. Superior Court (Nasmeh)* (2007) 151 Cal.App.4th 85, 102 [59 Cal.Rptr.3d 633]; *People v. Balint* (2006) 138 Cal.App.4th 200, 205 [41 Cal.Rptr.3d 211].) Appellate review "is confined to the correctness or incorrectness of the trial court's ruling, not the reasons for its ruling." (*People v. Dimitrov* (1995) 33 Cal.App.4th 18, 27 [39 Cal.Rptr.2d 257].)

█ The Fourth Amendment guarantees individuals the "right . . . to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." (U.S. Const., 4th Amend.) Under the Fourth Amendment, a warrantless search is unreasonable per se unless it falls within

one of the "specifically established and well-delineated exceptions." (*Katz v. United States* (1967) 389 U.S. 347, 357 [19 L.Ed.2d 576, 88 S.Ct. 507].) One of these exceptions to the warrant requirement is the so-called "automobile exception." (See, e.g., *California v. Acevedo* (1991) 500 U.S. 565, 566 [114 L.Ed.2d 619, 111 S.Ct. 1982]; *People v. Carrillo* (1995) 37 Cal.App.4th 1662, 1667 [45 Cal.Rptr.2d 16].) The exception permits a warrantless search of an automobile and its contents if their search is supported by probable cause. (*California v. Acevedo, supra*, at p. 579; *United States v. Ross* (1982) 456 U.S. 798, 809 [72 L.Ed.2d 572, 102 S.Ct. 2157].) There is no argument made by the People that there was probable cause to search the vehicle, and we find no facts to support a finding of probable cause. The driver was stopped for speeding; no other criminal activity was suspected before or during the stop until the purse was searched. There were no furtive movements, nothing to suspect that narcotics were being used or transported in the car, and no suspicion of any criminal endeavor. (Cf. *Wyoming v. Houghton* (1999) 526 U.S. 295, 305 [143 L.Ed.2d 408, 119 S.Ct. 1297] [strong governmental interest to search passenger's property where there is reason to believe passenger and driver were engaged in common enterprise or that driver had time and occasion to conceal item in passenger's property surreptitiously or with friendly permission].) There was no reason expressed to believe that anyone in the automobile was armed or dangerous. (See *State v. Friedel* (Ind.Ct.App. 1999) 714 N.E.2d 1231, 1238.)

■ A second exception permits searches, even without probable cause, where one of the occupants of a car is subject to lawful arrest. In *New York v. Belton* (1981) 453 U.S. 454, 460 [69 L.Ed.2d 768, 101 S.Ct. 2860], the United States Supreme Court held that the lawful custodial arrest of a vehicle's occupant permits officers to contemporaneously search the passenger compartment and any containers. (*Id.* at p. 460 & fns. 3 & 4; see also *People v. Mitchell* (1995) 36 Cal.App.4th 672, 674 [42 Cal.Rptr.2d 537].) In order for the *Belton* exception to apply, four circumstances must be present: (1) there must be a lawful custodial arrest; (2) the search must be contemporaneous to the arrest; (3) the search is limited to the passenger compartment; and (4) arrestee must be a driver, passenger, or recent occupant of the vehicle. (*People v. Stoffle* (1991) 1 Cal.App.4th 1671, 1679–1680 [3 Cal.Rptr.2d 257]; see also *Wyoming v. Houghton, supra*, 526 U.S. at pp. 305–306 [balancing of competing interests (relatively weak privacy interest in automobiles versus law enforcement need to investigate suspicious behavior) allows search of container in automobile without regard to ownership because it may contain contraband that officer has reason to believe is in car].) There is no contention in this case that any of the vehicle's occupants were under arrest at the time

Baker's purse was searched, and we know of no authority for expanding the analysis of *Belton* to a nonarrest case. The cases cited by the People in support of the search are distinguishable because they involve the arrest of one of the vehicle's occupants. (See *People v. Mitchell, supra,* 36 Cal.App.4th at p. 674 [wife may not object to search of purse where she is passenger in vehicle stopped for traffic violation when stop resulted in driver's arrest for driving with suspended license]; *People v. Stoffle, supra,* 1 Cal.App.4th 1671 [car was searched incident to lawful arrest of driver on outstanding warrants; officer would open closed canister found under driver's seat].)

■ A third exception with potential application here permits warrantless searches even without probable cause where the officer has legally obtained adequate consent. (See *People v. Woods* (1999) 21 Cal.4th 668, 674 [88 Cal.Rptr.2d 88, 981 P.2d 1019] (*Woods*), citing *Schneckloth v. Bustamonte* (1973) 412 U.S. 218 [36 L.Ed.2d 854, 93 S.Ct. 2041].) In California, probationers and parolees may validly consent in advance to warrantless searches in exchange for the opportunity to remain on or obtain release from a state prison. (*Woods, supra,* at p. 674.) The California Supreme Court has repeatedly said such searches are lawful. (*Id.* at p. 675.) And, these searches have repeatedly been evaluated under the rules governing consent searches, albeit with the recognition that there is a strong governmental interest supporting the consent conditions—the need to supervise probationers and parolees and to ensure compliance with the terms of their release. (*Id.* at p. 681; see also *People v. Bravo* (1987) 43 Cal.3d 600, 605 [238 Cal.Rptr. 282, 738 P.2d 336].) "A consensual search may not legally exceed the scope of the consent supporting it. [Citation.] Whether the search remained within the boundaries of the consent is a question of fact to be determined from the totality of circumstances. [Citation.]" (*People v. Crenshaw* (1992) 9 Cal.App.4th 1403, 1408 [12 Cal.Rptr.2d 172].)

■ Baker, however, was not on probation or parole. Therefore, the issue is whether the driver's consent, given in advance as a condition of his parole, reaches Baker's purse. Valid consent may be given by a third party who possesses *common authority* over the property at issue. (*Illinois v. Rodriguez* (1990) 497 U.S. 177, 179 [111 L.Ed.2d 148, 110 S.Ct. 2793].) "It long has been settled that a consent-based search is valid when consent is given by one person with common or superior authority over the area to be searched; the consent of other interested parties is unnecessary. . . . [¶] . . . '[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who

possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.' [Citations.] The 'common authority' theory of consent rests 'on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.' [Citations.]" (*Woods, supra*, 21 Cal.4th at pp. 675–676, citations omitted.)

■ When executing a parole or probation search, the searching officer may look into closed containers that he or she reasonably believes are in the complete or joint control of the parolee or probationer. (*Woods, supra*, 21 Cal.4th at p. 682; *People v. Boyd* (1990) 224 Cal.App.3d 736, 749 [274 Cal.Rptr. 100].) This is true because the need to supervise those who have consented to probationary or parolee searches must be balanced against the reasonable privacy expectations of those who reside with, ride with, or otherwise associate with parolees or probationers. We acknowledge that passengers in automobiles have a lesser expectation of privacy in automobiles than in a residence. (*Wyoming v. Houghton, supra*, 526 U.S. at pp. 304–305.) However, a purse has been recognized as an inherently private repository for personal items. (See *id.* at p. 308 (conc. opn. of Breyer, J.); *U.S. v. Welch* (9th Cir. 1993) 4 F.3d 761, 764; *State v. Friedel, supra*, 714 N.E.2d at p. 1237.) While those who associate with parolees or probationers must assume the risk that when they share ownership or possession with a parolee or probationer their privacy in these items might be violated, they do not abdicate all expectations of privacy in all personal property. The key question remains: whether there is joint ownership, control, or possession over the searched item with the parolee or probationer. (See *People v. Robles* (2000) 23 Cal.4th 789, 798 [97 Cal.Rptr.2d 914, 3 P.3d 311]; *Woods, supra*, 21 Cal.4th at p. 682; *People v. Smith* (2002) 95 Cal.App.4th 912, 918 [116 Cal.Rptr.2d 694]; *People v. Veronica* (1980) 107 Cal.App.3d 906, 909 [166 Cal.Rptr. 109]; *People v. Boyd, supra*, 224 Cal.App.3d at pp. 745–746, 749–750.)

We conclude on these facts that there could be no reasonable suspicion that the purse belonged to the driver, that the driver exercised control or possession of the purse, or that the purse contained anything belonging to the driver. (See *People v. Boyd, supra*, 224 Cal.App.3d at p. 750 [reasonable-suspicion standard used to determine whether particular object within scope of parole search].) Although the officer testified that he did not know who the purse

belonged to when he searched it, there was no reasonable basis to believe the purse belonged to anyone other than the sole female passenger. Baker was sitting in the front passenger seat and the distinctly feminine purse was located at her feet.[2] There is no obligation to ask whether the purse belonged to the parolee before searching it. (*People v. Smith, supra,* 95 Cal.App.4th at p. 918.) And we agree that simply because a container is clearly designed for a person other than the parolee does not mean it may never be searched. However, a purse is not generally an object for which two or more persons share common use or authority. (*People v. James* (1994) 163 Ill.2d 302 [206 Ill.Dec. 190, 645 N.E.2d 195, 203].) Here, there is nothing to overcome the obvious presumption that the purse belonged to the sole female occupant of the vehicle who was not subject to a parole-condition search. (*Ibid.*; see also *Illinois v. Rodriguez, supra,* 497 U.S. at pp. 188–189 [facts available to officer must give rise to reasonable belief that consenting party has authority over premises to be searched; if not, warrantless entry without further inquiry is unlawful unless authority actually exists; burden rests on state]; *People v. Alders* (1978) 87 Cal.App.3d 313, 317–318 [151 Cal.Rptr. 77] [contraband excluded after search of distinctly feminine coat was searched during parole search of house].)

■ Nor are we persuaded that Baker's failure to assert ownership over the purse or take it with her[3] when she exited the vehicle implies consent to search or concedes that the driver had joint control or possession of the purse. The failure to protest a search or to assert a claim of ownership does not constitute implied consent or prove joint ownership or control. (See *People v. Superior Court* (1970) 10 Cal.App.3d 122, 127 [89 Cal.Rptr. 316]; see also *State v. Suazo* (1993) 133 N.J. 315 [627 A.2d 1074, 1078] [assent to search is meaningless unless consenting party understands right to refuse consent].) Baker testified that the officer told her he was searching the car and she left the purse because she "didn't know." While the meaning of this statement is not entirely clear, it prevents any inference that Baker knowingly consented to have her purse searched. She either did not know whether she could take the purse with her or she did not know that the purse would be searched. Either way there is no implied consent.

---

[2] When asked if the purse was distinctively feminine, the officer testified, "I can't say." However, the record contains a picture of the purse and we can say with certainty the purse is one typically carried by females in this society. The officer also confirmed that he considered the purse a "purse" as opposed to a "bag." The People do not argue that the gender of those intended to use the purse is ambiguous.

[3] There is a conflict in the evidence about whether Baker attempted to grab the purse before exiting or not. The officer said she did not; Baker said she did but, because the officer said he was searching the car, she "just left it." Obviously if the officer had seen Baker grab for the purse, this would be one additional fact suggesting the purse belonged to Baker. However, we do not find the absence of this fact particularly helpful. It is definitely not determinative.

■ Furthermore, these facts do not suggest an intention to relinquish ownership interest in the purse. (*People v. Daggs* (2005) 133 Cal.App.4th 361, 365–366 [34 Cal.Rptr.3d 649] [abandonment is primarily question of intent to be inferred from words, acts, and other objective facts suggesting person so relinquished interest in property so that there is no longer reasonable expectation of privacy in it at time of search].) Simply getting out of the car and leaving the purse on the floorboard does not constitute abandonment. We agree such circumstances are to be considered in determining whether the officer had a reasonable belief that the purse was under the joint ownership, control, or possession of the parolee. But, in the absence of any other factors affirmatively suggesting joint ownership and control, we do not believe Baker's silence or failure to remove the purse is enough.

Our conclusion here is consistent with that reached by a number of sister states deciding the same or similar issue. (See *State v. Suazo, supra*, 627 A.2d 1074 [driver had no authority to consent to search of passenger's luggage; officers' belief that driver could validly consent to search held unreasonable]; *State v. Williams* (1980) 48 Ore.App. 293 [616 P.2d 1178, 1180] [vehicle owner's consent to search of vehicle held not reasonably construed as permission for search of closed and latched stereo cassette tape case belonging to passenger]; *State v. Zachodni* (S.D. 1991) 466 N.W.2d 624, 628–629 [driver's consent to search of vehicle not reasonably construed as permission to search wife's purse, who was passenger in vehicle]; *People v. James, supra*, 645 N.E.2d at p. 203 [driver had no authority to consent to search of passenger's purse]; *State v. Friedel, supra*, 714 N.E.2d at pp. 1240–1241 [same]; *State v. Caniglia* (1993) 1 Neb.Ct.App. 730 [510 N.W.2d 372, 374] [evidence suppressed because passenger's makeup purse not item that police could reasonably believe belonged to male driver or which male driver would possess sufficient relationship to or common authority over]; see also *United States v. Welch, supra*, 4 F.3d 761, 765 [passenger's consent to search of car did not permit search of companion's purse].)

■ The bottom line in this case is that a parole search is limited by the terms of its authorization. (*Walter v. United States* (1980) 447 U.S. 649, 656 [65 L.Ed.2d 410, 100 S.Ct. 2395].) The officer had no reasonable basis for concluding that the parole search condition authorized the search of a distinctly feminine purse found on the passenger's floorboard where Baker, the only female passenger, was seated.

The motion to suppress should have been granted.

## *DISPOSITION*

The judgment is reversed. The matter is remanded for further proceedings. Baker is to be allowed to withdraw her plea, and the trial court is instructed to grant the motion to suppress.

Vartabedian, Acting P. J., and Hill, J., concurred.

A petition for a rehearing was denied August 7, 2008.