Filed 1/6/15  P. v. McCullough CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C074675 |
| v. | (Super. Ct. No. 13F02802) |
| ANTOINE JON MCCULLOUGH, | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING |
| Defendant and Appellant. | |
| | [NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion filed December 9, 2014, in the above cause is modified in the following respect:

On page 6, footnote 3 is changed to read as follows:

The officer also may have been justified in searching portions of the passenger compartment based on a *rear* passenger's outstanding arrest warrant (see *People v. Schmitz* (2012) 55 Cal.4th 909, 927, fn. 19 (*Schmitz*) [vehicle search incident to arrest may only be justified where concerns of officer safety or evidence destruction are implicated]), but as the officer testified the center console was within reach of one of the passengers on searchable probation, we consider only that status as a justification for the search.

1

This modification does not change the judgment.

The petition for rehearing is denied.


        HULL        , Acting P. J.


        MURRAY    , J.


        HOCH      , J.

Filed 12/9/14  P. v. McCullough CA3 (unmodified version)

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C074675 |
| v. | (Super. Ct. No. 13F02802) |
| ANTOINE JON MCCULLOUGH, | |
| Defendant and Appellant. | |

Defendant Antoine Jon McCullough appeals the judgment of the trial court contending its denial of his motion to suppress evidence pursuant to Penal Code section 1538.5 was erroneous.  The Attorney General agrees the court erred in denying defendant's motion.  Notwithstanding both parties' agreement, we conclude the trial court did not err and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with possession of a controlled substance, namely methamphetamine (Health & Saf. Code, § 11378--count one); unlawful transportation of

1

a controlled substance (Health & Saf. Code, § 11379, subd. (a)--count two)[1]; unlawful possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)--count three); unlawfully carrying of a concealed firearm (Pen. Code, § 25400, subd. (a)(1)--count four); and unlawful possession of methamphetamine while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)--count five).  The firearm and methamphetamine that are the basis of these charges were both recovered during a search of a car driven by defendant following a traffic stop.

Defendant moved to suppress all evidence obtained during the warrantless search of the car (including the contraband and defendant's subsequent statements), contending the traffic stop and ensuing search were not reasonable because the officer made a mistake of law when he believed the car's windows were illegally tinted.  The People opposed defendant's motion arguing, (1) the officer had reasonable suspicion of a Vehicle Code violation to justify the traffic stop and (2) the probation status of defendant's passengers authorized the search of the center console, which was within the passengers' reach, where the contraband was found.

### Testimony at Suppression Hearing

At approximately 11:24 p.m. on May 2, 2013, Deputy Sheriff Carlos Cabrera noticed a white Buick Century with tinted rear side and rear windows that defendant was driving.  Deputy Cabrera was unable to see through the tinted windows -- even to see the silhouettes of the rear passengers -- despite shining a spotlight on the car.  Based on his understanding the tinted windows were out of compliance with the Vehicle Code, Deputy Cabrera performed a traffic stop.  Defendant testified he could see through the rear

---

[1]     Although Health and Safety Code section 11379 was amended effective January 1, 2014, to provide that "transports" means to transport for sale, the amendment has no effect on this appeal.  (Stats. 2013, ch. 504, § 2.)  As discussed later, this count was dismissed in the plea agreement.

windows while driving, the front windows of the car are not tinted, and he could see both the driver and passenger side mirrors.

There were three passengers in the car: a male passenger sat in the front passenger seat and two female passengers sat in the rear seat. Deputy Cabrera testified that two of the passengers were on searchable probation. Specifically, Deputy Cabrera testified, "[the records check] revealed that two of the occupants were on probation and one of them had a warrant for her arrest" and that it was "searchable probation." Deputy Cabrera also testified that "[o]ne of the rear passengers [was] on searchable probation." After determining the passengers' probation status, Deputy Cabrera requested the assistance of additional officers to conduct a probation search of the car.

Deputies Cabrera and Gray searched the car and found a loaded handgun, three bags containing pills that tested positive for methamphetamine/Ecstasy, and a scale in a secret compartment "hidden underneath the center console by the [emergency] brake." To access the secret compartment, Deputy Gray reached from the front passenger seat into the center console and pulled away the false floor within the console. Deputy Cabrera testified the center console was within reasonable reach of the front seat passenger and within reach of at least one of the rear passengers on searchable probation.

### *Trial Court's Findings*

The trial court found the traffic stop was not justified by a reasonable suspicion, and the good faith exception to the exclusionary rule did not apply because the officer made a mistake of law in believing the windows of the car were illegally tinted. However, the court relied on *People v. Brendlin* (2008) 45 Cal.4th 262 (*Brendlin*), weighed the factors set forth in *Brown v. Illinois* (1975) 422 U.S. 590 [45 L.Ed.2d 416] (*Brown*), and found the information obtained subsequent to the traffic stop, i.e., the arrest warrant and the probation status of the passengers, supported a search of the vehicle. The court further found it was not a pretextual stop and there was no flagrant conduct by the officer who erroneously, but in good faith, believed there had been a violation of the

3

Vehicle Code. Thus, the court denied defendant's motion to suppress the evidence obtained in the search of the car.

### *Proceedings after Motion to Suppress was Denied*

After his motion to suppress evidence was denied, defendant withdrew his plea of not guilty and pled no contest to count five (unlawful possession of methamphetamine while armed with a loaded firearm) in exchange for a stipulated sentence to serve four years in state prison and dismissal of all other charges. The court dismissed all remaining charges, sentenced defendant to serve the upper term of four years in prison for a violation of Health and Safety Code section 11370.1, subdivision (a), awarded presentence credits, and imposed various fines and fees.

## DISCUSSION

Defendant contends the trial court erred in denying his motion to suppress evidence because the taint of the illegal traffic stop was not attenuated by the fact two passengers in the car were on probation because the ensuing search exceeded the scope of a lawful probation search. The Attorney General agrees the court erred in denying defendant's motion because there was insufficient evidence to establish the secret compartment, where the contraband was found, was reachable by a passenger who was on probation. We disagree with both contentions. Based on the record, we conclude the taint of the illegal traffic stop was attenuated by the probation search of the car and it was reasonable for the deputies to search the secret compartment within the center console as part of the probation search.

### *Standard of Review*

In reviewing the trial court's denial of a motion to suppress evidence pursuant to Penal Code section 1538.5, we consider the record in the light most favorable to the trial court's disposition and defer to the trial court's factual findings, whether explicit or implicit, if supported by substantial evidence. (*People v. Tully* (2012) 54 Cal.4th 952, 979; *People v. Weaver* (2001) 26 Cal.4th 876, 924.) Any conflicts in the evidence are

4

resolved in favor of the trial court's order. (*People v. Limon* (1993) 17 Cal.App.4th 524, 529.) Additionally, " ' "[when] two or more inferences can reasonably be deduced from the facts," either deduction will be supported by substantial evidence, and "a reviewing court is without power to substitute its deductions for those of the trial court." [Citation.]' [Citation.]" (*In re J.* (1979) 25 Cal.3d 522, 527.) We exercise our independent judgment to determine whether, on the facts found, the search or seizure was reasonable under the Fourth Amendment of the federal Constitution. (*Tully*, at p. 979.) We affirm the trial court's ruling if it is correct on any theory of applicable law, even if for reasons different than those given by the trial court. (*People v. Evans* (2011) 200 Cal.App.4th 735, 742; *People v. Hua* (2008) 158 Cal.App.4th 1027, 1033.)

### *Illegality of Traffic Stop*

We agree with both parties that the trial court correctly concluded Deputy Cabrera lacked reasonable suspicion to justify the traffic stop, and the good faith exception to the exclusionary rule does not apply because the officer's mistake was one of law and was not objectively reasonable. (*People v. Lopez* (1987) 197 Cal.App.3d 93, 101; accord *People v. Ramirez* (2006) 140 Cal.App.4th 849, 854; see also *People v. Teresinksi* (1982) 30 Cal.3d 822, 831.) The tinted rear window and rear side windows on the car were not violations of the Vehicle Code because the car bore operational side mirrors. (Veh. Code, §§ 26708, subds. (b)(4), (b)(8), 26708.5, subd. (a).) Therefore, it was appropriate for the court to conclude the traffic stop was illegal.[2]

---

[2]     Although neither trial counsel asked the officer about the functionality of the side mirrors, the traffic stop could have been justified by the rear window tinting and the need to further investigate the side mirrors. If the officer could not determine whether the side mirrors were situated "to reflect to the driver a view of the highway through each mirror for a distance of at least 200 feet to the rear of the vehicle" (§ 26708, subd. (b)(8)), then the tinted rear window could have provided a reasonable suspicion of a Vehicle Code violation such that a stop is justified to investigate the functionality of the side mirrors and the visibility provided by those mirrors to the rear of the car. Unfortunately, this information is not in the record.

5

*Intervening Circumstances Warranted Probation Search*

In determining whether the taint of an illegal traffic stop has been sufficiently attenuated by an intervening circumstance to render the evidence seized in the stop admissible, the court should consider the factors set forth in *Brown, supra*, 422 U.S. 590 [45 L.Ed.2d 416]. (*Brendlin, supra*, 45 Cal.4th at pp. 268-269.) These factors include (1) the "temporal proximity of the Fourth Amendment violation to the procurement of the challenged evidence," (2) "the presence of intervening circumstances," and (3) "the purpose and flagrancy of the official misconduct." (*Brown*, at pp. 603-604; *Brendlin*, at p. 269.)

With respect to the first factor, the closeness of time between the stop and the search generally operates in favor of exclusion, but is not a dispositive factor. (*Brendlin, supra*, 45 Cal.4th at p. 270.) Indeed, where the intervening circumstance is not a volitional act by the defendant, the first factor is outweighed by the other two. (*Ibid.*) Here, the intervening circumstance is the discovery of the passengers' searchable probation status.[3] These are the prototypical non-volitional acts contemplated in *Brendlin*, and the temporal proximity of the search is outweighed by the intervening circumstances and relative blamelessness of the officer's error in conducting the stop as described below.

With respect to the second factor, as noted above, the intervening circumstance in this case is the discovery by the officer of two passengers on searchable probation. That a person is on probation and subject to a search condition provides ample authority to search the person and any area under his or her "common authority." (See *People v.*

---

[3]  The officer also may have been justified in searching portions of the passenger compartment based on the *rear* passenger's outstanding arrest warrant (see *People v. Schmitz* (2012) 55 Cal.4th 909, 927, fn. 19 (*Schmitz*) [vehicle search incident to arrest may only be justified where concerns of officer safety or evidence destruction are implicated]), but as this case turns on whether the *front* passenger had access to the contraband, we exclusively consider his probation status as a justification for the search.

*Durant* (2012) 205 Cal.App.4th 57, 66 (*Durant*); *People v. Smith* (2002) 95 Cal.App.4th 912, 916.)  "Probationers in California typically consent in advance to warrantless searches as a condition of probation, in exchange for the opportunity to avoid a prison sentence.  [Citation.]  Such consent operates as a ' "complete waiver of that probationer's Fourth Amendment rights, save only his [or her] right to object to harassment or searches conducted in an unreasonable manner." '  [Citation.]"  (*Durant*, *supra*, 205 Cal.App.4th at p. 64.)  Thus, the officer clearly acted within his authority in searching the passenger compartment of the car, at least to the extent the searched area was under the passengers' "common authority."

Finally, with respect to the third factor, "a mere 'mistake' with respect to the enforcement of our traffic laws does not establish that the traffic stop was pretextual or in bad faith."  (*Brendlin*, *supra*, 45 Cal.4th at p. 271.)  Here, while the officer believed the vehicle's windows were illegally tinted, his error was a result of not knowing the rear windows could all be darkly tinted so long as the vehicle had functional rear and side view mirrors.  We conclude the officer's mistake does not mean the traffic stop was clearly pretextual or made in bad faith.

Thus, on the facts before us, we conclude the probation status of the passengers in the car adequately attenuated the taint of the illegal traffic stop so that the evidence obtained in the search was not inadmissible as "fruit of the poisonous tree."  (*Durant*, *supra*, 205 Cal.App.4th at pp. 64-65, citing *Wong Sun v. United States* (1963) 371 U.S. 471, 488 [9 L.Ed.2d 441].)

### *The Search Did Not Exceed the Permissible Scope of a Probation Search*

An officer who discovers a passenger in a car is on probation with a search condition may search the interior of the car.  (*Schmitz*, *supra*, 55 Cal.4th at pp. 926-927; see also *People v. Baker* (2008) 164 Cal.App.4th 1152, 1159 (*Baker*) [treating search of passenger compartment based on passenger's probation or parole search status equally]; *People v. Woods* (1999) 21 Cal.4th 668, 682 [officers can search areas they "reasonably

believe the probationer has complete or joint control over"].)  However, the officer is restricted to "those areas of the passenger compartment where the officer reasonably expects that the [passenger] could have stowed personal belongings or discarded items when aware of police activity." (*Id.* at p. 926.)

### 1. *Whether Front Passenger was on Searchable Probation*

The Attorney General focuses on the trial court's implicit deduction that the front passenger was on probation, and contends there is insufficient evidence to support that conclusion.  We disagree.

Although there was no express testimony that the front passenger was on probation, it was reasonable for the trial court to deduce he was based on Deputy Cabrera's testimony.  Deputy Cabrera testified one of the rear passengers was on probation, one of the rear passengers had an outstanding arrest warrant, and two passengers in the car were on searchable probation.  The court indicated its understanding that the front seat passenger was on probation when it sought to clarify that the front passenger could reach into the console and the secret compartment.  The prosecutor informed the court that "Deputy Gray was on the passenger side searching. . . . It was Deputy Gray that reached in from the passenger side and took out those pills, that gun and that scale, which leads us to believe logically that a passenger sitting in a passenger seat based on where Deputy Gray was when he searched the console easily had accessibility to those items."

Based on this record, it is reasonable to conclude, as the trial court implicitly did, that one rear passenger was a probationer, the other rear passenger had an outstanding arrest warrant, and the front passenger was the second probationer.

### 2. *Whether it was Reasonable to Search the Secret Compartment*

We must determine whether it was reasonable for the deputy to search the secret compartment.  *Schmitz* expressly left undecided whether a search based on a passenger's status as a searchable probationer or parolee extends to "closed compartments of the car

8

like the glove box, center console, or trunk . . . ." (*Schmitz, supra*, 55 Cal.4th at p. 926, fn. 16.) However, *Schmitz* instructs that "[t]he reasonableness of such a search must necessarily take into account all the attendant circumstances, including the driver's legitimate expectation of privacy in those closed compartments, the passenger's proximity to them, and whether they were locked or otherwise secured." (*Ibid.*) Based on these factors, we conclude the instant search was reasonable.

The evidence adduced at the hearing on the motion to suppress was that the center console was within reasonable reaching distance of the front passenger and the rear passenger on searchable probation. Deputy Cabrera testified it did not take much to remove the floor of the center console to reveal the secret compartment with the contraband. He explained that "[i]t just came right off." Based on this testimony, the trial court could implicitly find that both the front passenger and rear passenger on searchable probation could have reached into that secret compartment. (See *Schmitz, supra*, 55 Cal.4th at pp. 931-932 [finding it reasonable to search shoes and a chip bag on the rear seat of the car where a parolee, whose search condition authorized the search, was seated in front passenger seat because the parolee could reach the rear seat].)

As to the driver's expectation of privacy, there is no evidence the driver of the car controlled access to the center console or its secret compartment such that it could not reasonably be expected a passenger would place items within the compartment.

Additionally, the center console of a car is not "an inherently private repository for personal items" rendering the search unreasonable. (Compare *Cardwell v. Lewis* (1974) 417 U.S. 583, 590 [41 L.Ed.2d 325, 335] ["One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects"] with *Baker, supra,* 164 Cal.App.4th at p. 1159 ["a purse has been recognized as an inherently private repository for personal items"].) Indeed, "like the automobile itself, property transported inside the automobile is subject to a reduced expectation of privacy." (*Schmitz, supra*, 55 Cal.4th at p. 930.)

9

Accordingly, we conclude the deputy's search of the center console and secret compartment as being within reaching distance of a probationer who was on searchable probation was reasonable.

## DISPOSITION

The judgment is affirmed.


      HOCH     , J.


We concur:


     HULL     , Acting P. J.


     MURRAY  , J.