Filed 8/20/15  P. v. Pour CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRYAN JOSEPH POUR,<br><br>    Defendant and Appellant. | C076213<br><br>(Super. Ct. No. 13F02091) |

A jury found defendant Bryan Joseph Pour guilty of possession of methamphetamine.  The trial court suspended imposition of sentence and placed defendant on five years' Proposition 36 probation.

On appeal, defendant contends the trial court erred in denying his suppression motion and the case should be remanded to the trial court for resentencing pursuant to Proposition 47.  We affirm.

1

BACKGROUND

On March 31, 2013, about 8:07 p.m., Sacramento Police Officer Sean Cunningham and his partner Gregory Galliano responded to a suspicious vehicle call regarding two men outside of a vehicle parked in front of a location in a residential area. The officers spotted a parked vehicle in the area, a green Toyota 4Runner. The Toyota had two male passengers and a dog. The officers parked their patrol car behind the Toyota close enough for a "typical traffic stop" without blocking it. The officers did not activate the siren or use the PA system; they used the patrol car's spotlight because it was dark outside.

The officers approached the 4Runner, with Officer Cunningham contacting the driver, defendant. The other passenger, Morgan Davis, sat behind defendant but within reach of the center console. Defendant provided identification; a records check indicated that Davis gave the officers a false name. Officer Galliano asked Davis to step out of the vehicle, and Officer Cunningham asked Davis for his real name, which he gave.

Officer Galliano told Officer Cunningham that Davis was on searchable probation. After Davis was handcuffed and put in the patrol car, Officer Cunningham decided to conduct a probation search of the 4Runner. Officer Cunningham informed defendant of the impending search and asked if he had anything illegal in the vehicle. Defendant produced a jar containing marijuana and a knife. He said that he did not have a medical marijuana card.

Officer Cunningham asked defendant to exit the 4Runner. He conducted a brief patdown of defendant and asked him to sit at the front bumper of the patrol car. Defendant complied and Officer Cunningham started the search. He first searched the driver's side and then went to the center console, where he found a film canister that appeared to contain methamphetamine. Officer Cunningham then did a quick search of the vehicle, handcuffed defendant, told him he had found methamphetamine in the center

2

console, and gave defendant his *Miranda*[1] warnings.  Asked whether his fingerprints were on the film canister, defendant said they were.  An additional search of the 4Runner found a camera bag in the front passenger seat that contained another glass jar of marijuana, methamphetamine, two narcotics smoking pipes, and a marijuana smoking pipe.

The magistrate denied the suppression motion, finding the search justified as a part of Davis's probation search condition.  The court also found the search justified by defendant's initial admission that he had marijuana.

DISCUSSION

I

*Suppression Motion*

Defendant contests the denial of his suppression motion.  He asserts that the search of the center console that discovered the methamphetamine was not justified by Davis's probation search condition, and defendant's admission that he had a jar of marijuana was the product of a *Miranda* violation.  We disagree.

" '[I]n reviewing a determination on a motion to suppress, we defer to the trial court's factual findings which are supported by substantial evidence and independently determine whether the facts of the challenged search and seizure conform to the constitutional standard of reasonableness.' " (*People v. Ferguson* (2003) 109 Cal.App.4th 367, 371.)  We are "bound by the trial court's resolution of disputed facts and inferences as well as its evaluations of credibility, including [those that] seemed either untruthful or inaccurate, where . . . the findings are supported by substantial evidence." (*People v. Troyer* (2011) 51 Cal.4th 599, 613.)  "If the challenged police conduct is shown to be violative of the Fourth Amendment, the exclusionary rule requires

---

[1]     *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].

3

that all evidence obtained as a result of such conduct be suppressed. [Citations.]" (*People v. Williams* (1988) 45 Cal.3d 1268, 1299.)

The burden is on the defendant to show that police officers acted unlawfully. (*People v. Williams*, *supra*, 45 Cal.3d at p. 1300.) It is well settled that the warrantless search of an automobile based upon probable cause to believe that the vehicle contains evidence of a crime does not contravene the Fourth Amendment's warrant requirement. (*California v. Acevedo* (1991) 500 U.S. 565, 569 [114 L.Ed.2d 619, 627].) An officer who discovers a passenger in a car is on probation with a search condition may search the interior of the car. (*People v. Schmitz* (2012) 55 Cal.4th 909, 926-927; see also *People v. Baker* (2008) 164 Cal.App.4th 1152, 1159 [treating search of passenger compartment based on passenger's probation or parole search status equally].) However, the officer is restricted to "those areas of the passenger compartment where the officer reasonably expects that the [passenger] could have stowed personal belongings or discarded items when aware of police activity." (*Schmitz*, at p. 926.)

*People v. Schmitz* expressly left undecided whether a search based on a passenger's status as a searchable probationer or parolee extends to "closed compartments of the car like the glove box, center console, or trunk . . . ." (*People v. Schmitz, supra*, 55 Cal.4th at p. 926, fn. 16.) However, *People v. Schmitz* instructs that "[t]he reasonableness of such a search must necessarily take into account all the attendant circumstances, including the driver's legitimate expectation of privacy in those closed compartments, the passenger's proximity to them, and whether they were locked or otherwise secured." (*Ibid.*)

Davis was in the backseat, but Officer Cunningham testified that the center console was within Davis's reach. Defendant, who bore the burden of showing the search was unjustified, did not present evidence that Davis could not reach or have access to the center console from his position in the backseat.

As to the driver's expectation of privacy, there is no evidence defendant controlled access to the center console such that it could not reasonably be expected a passenger would place items within the compartment. Additionally, the center console of a car is not "an inherently private repository for personal items" rendering the search unreasonable. (Compare *Cardwell v. Lewis* (1974) 417 U.S. 583, 590 [41 L.Ed.2d 325, 335] (plu. opn.) ["One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects"] with *People v. Baker*, *supra*, 164 Cal.App.4th at p. 1159 ["a purse has been recognized as an inherently private repository for personal items"].) Indeed, "like the automobile itself, property transported inside the automobile is subject to a reduced expectation of privacy." (*People v. Schmitz*, *supra*, 55 Cal.4th at p. 930.)

Accordingly, we conclude the officer's search of the center console as being within reaching distance of a probationer who was on searchable probation was reasonable. Since suspected narcotics was found within, the remaining search of the vehicle and the camera bag therein were also reasonable.

We also find the search justified by defendant's admission to having marijuana. Defendant's claim that his admission was the result of a custodial interrogation without a *Miranda* warning and waiver is without merit.

In *Miranda*, the Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." (*Miranda v. Arizona*, *supra*, 384 U.S. at p. 444 [16 L.Ed.2d at p. 706].)

An "in custody" determination depends on the objective circumstances of the interrogation, not the subjective views harbored by either the interrogating officers or the

5

person being questioned. (*Stansbury v. California* (1994) 511 U.S. 318, 323-324 [128 L.Ed.2d 293, 298-299] ["in custody" requirement is not satisfied merely because the police interviewed a person who was the focus of a criminal investigation].) To ascertain whether the detainee is "in custody" for purposes of *Miranda*, all of the circumstances surrounding the interrogation should be considered, including the location of the interview; whether the suspect was informed that he or she was under arrest; the length of the interview; the number of officers participating; whether the officers were confrontational and/or accusatory; and whether the investigating officers used interrogation techniques to pressure the suspect. (*People v. Aguilera* (1996) 51 Cal.App.4th 1151, 1162.) The trial court must "measure these circumstances against an objective, legal standard: would a reasonable person in the suspect's position during the interrogation experience a restraint on his or her freedom of movement to the degree normally associated with a formal arrest." (*Id*. at p. 1161.)

As a general matter, no *Miranda* warnings need be given to an individual detained pursuant to a traffic stop, since the detainee is not "in custody." (*Berkemer v. McCarty* (1984) 468 U.S. 420, 440 [82 L.Ed.2d 317, 334-335].) "[D]etention of a motorist pursuant to a traffic stop is presumptively temporary and brief." (*Id.* at p. 437 [82 L.Ed.2d at p. 333].) Here, the officers did not stop defendant's car, but rather approached defendant's parked car and engaged in conversation with defendant and his passenger, Davis. After defendant provided identification, he was asked why he was parked there on that night, which was Easter Sunday. Defendant replied that he had family problems; he and Officer Cunningham conversed about where he was living and whether he was living out of his car. After Officer Galliano determined Davis was subject to a probation search condition, Officer Cunningham informed defendant of the probation search and asked defendant if he had anything illegal. Defendant, who had not yet been asked to leave the 4Runner, then admitted to having marijuana and produced the jar containing the contraband.

6

Defendant's admission was not the product of a custodial interrogation. There is no evidence he was subject to conditions like a formal arrest. At most, this was akin to traffic stop that did not require a *Miranda* warning. Since defendant admitted having an illegal substance, marijuana without a valid prescription, in the 4Runner, the officers had probable cause to believe that the vehicle contained illegal drugs, which provides justification for the search independent from Davis's probation condition. (*People v. Waxler* (2014) 224 Cal.App.4th 712, 721-722.)

Defendant also claims that the marijuana did not justify searching the car because its possession was no more than an infraction. The fact that possession of less than an ounce of marijuana is now an infraction is irrelevant. A substance that is an infraction to possess is still contraband (*People v. Waxler*, *supra*, 224 Cal.App.4th at p. 722), and an infraction is still a crime (Pen. Code, § 16). Neither the California nor the United States Supreme Court have limited the automobile exception to possession of a criminal amount of contraband. Instead, the automobile exception applies any time "the police have probable cause to believe the car contains evidence or contraband." (*Robey v. Superior Court* (2013) 56 Cal.4th 1218, 1225.) Since the driver of the vehicle admitted possessing an illegal substance, the subsequent search was supported by probable cause and was therefore valid under the automobile exception.

II

*Proposition 47*

Proposition 47 requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70.) It also added section 1170.18 to the Penal Code, which provides that a person who is "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in

effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

Defendant correctly notes possession of a controlled substance is now a misdemeanor and he does not have a disqualifying prior conviction. (Health & Saf. Code, § 11377, subd. (a).) He argues that pursuant to *In re Estrada* (1965) 63 Cal.2d 740, the provisions of Proposition 47 operate retroactively to reduce his conviction to a misdemeanor.

*Estrada* stated: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*In re Estrada*, *supra*, 63 Cal.2d at p. 745.) This includes "acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Ibid.*)

Thus, *Estrada* held that if an amended statute mitigates punishment, the amendment will operate retroactively to impose the lighter punishment unless there is a saving clause. (*In re Estrada*, *supra*, 63 Cal.2d at p. 748.) The Legislature may signal its intent by including an express saving clause making the amendment prospective, "or its equivalent." (*People v. Nasalga* (1996) 12 Cal.4th 784, 793.) *People v. Yearwood* (2013) 213 Cal.App.4th 161, held that a provision in Proposition 36, the Three Strikes Reform Act of 2012, which created a postconviction resentencing procedure similar to the one in Penal Code section 1170.18, was the "functional equivalent" of a saving clause. (*People v. Yearwood*, at pp. 167-172.) Referencing *People v. Yearwood*, this court has concluded that a defendant subject to Proposition 47 is limited to the statutory remedy of petitioning for recall of sentence in the trial court after the judgment has become final. (*People v. Noyan* (2014) 232 Cal.App.4th 657, 672.)

8

We agree with the result in *People v. Noyan*. The procedure set forth in Penal Code section 1170.18 applies to "[a] person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act . . . ." Defendant is such a person. There is no need to ask whether Proposition 47 is retroactive as to him. The act clearly states the manner in which any adjustment in his sentence is to be accomplished. Defendant is limited to the statutory remedy of petitioning the trial court for recall of sentence when the judgment is final.

### DISPOSITION

The judgment is affirmed.

                                                                                 \_\_\_\_\_ROBIE\_\_\_\_\_, J.

We concur:

\_\_\_\_\_NICHOLSON\_\_\_\_\_, Acting P. J.

\_\_\_\_\_MURRAY\_\_\_\_\_, J.