Filed 7/11/25  P. v. Hernandez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ISMAEL BRAVO HERNANDEZ, <br><br> Defendant and Appellant. | 2d Crim. No. B337629 <br> (Super. Ct. No. 2022019194) <br> (Ventura County) |

Ismael Bravo Hernandez appeals a judgment following his guilty plea to possession of a controlled substance while armed with a firearm, a felony.  (Health & Saf. Code, § 11370.1, subd. (a).)  Prior to his plea, the trial court denied his two motions to suppress evidence (Pen. Code, § 1538.5) to exclude items police seized in a probation search of a vehicle.  We conclude the trial court did not err.  We affirm.

                                                    FACTS

In July 2022, Alex Morales, a sheriff's detective, pulled over a Toyota Avalon because the windows on the vehicle were

illegally tinted. Christopher G. was the driver and another man was a passenger in the front seat. Hernandez was in the back seat.

Morales knew Hernandez and knew he was on probation with "search terms" and had outstanding "warrants." Hernandez was "immediately detained," handcuffed, arrested for the "misdemeanor warrants," and handed over to Detective Estrada.

Morales conducted a probation search of the vehicle. He saw there was a backpack near the front passenger seat floorboard of the car. Hernandez told Estrada that there was a gun in the backpack in the vehicle. Morales searched the backpack and found a gun, "personal documentation with Ismael Hernandez's name on it," and a cylinder containing methamphetamine.

Morales believed Hernandez was able to place the backpack in the front seat area from his back seat of the car. He said, "[Y]ou can reach around and grab the backpack from the back seat."

The People filed a felony complaint alleging Hernandez committed the unlawful transfer of a firearm (Pen. Code, § 27545) (count 1); was carrying a concealed firearm (*id.*, § 25400, subd. (a)(3)) (count 2); was in possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)) (count 3); and was in possession of a controlled substance with a firearm (*id.*, § 11370.1, subd. (a)) (count 4). Hernandez pled not guilty.

Hernandez filed a Penal Code section 1538.5 motion to exclude the backpack and the items found in it, claiming they were the product of an unlawful search. The trial court held a preliminary hearing. Morales testified that he discovered a gun

2

and drugs in a backpack during a probation search and he believed Hernandez could have placed the backpack in the car's front floorboard while he was sitting in the back seat of the car. The vehicle was "a normal size sedan." "[I]t's not that far to reach across."

The trial court held Hernandez to answer and denied his Penal Code section 1538.5 motion. It found there was a valid stop and a valid detention because the police officer knew Hernandez was on probation. It ruled the probation search fell within the permissible scope of a search under *People v. Schmitz* (2012) 55 Cal.4th 909.

On September 5, 2023, Hernandez filed a renewed motion to suppress pursuant to Penal Code section 1538.5, subdivision (i). He claimed the police had no reasonable suspicion to believe the backpack belonged to him and the search was unreasonable. The People opposed the motion relying, in part, on *People v. Schmitz*, *supra*, 55 Cal.4th 909.

The trial court denied the motion. After Hernandez pled guilty to count 4, the court placed him on "two years formal probation."

## DISCUSSION

### *The Probation Search*

Hernandez contends the probation search of the car violated his Fourth Amendment rights and the trial court erred by denying his suppression motions. We disagree.

We defer to the trial court's findings, "express or implied," supported by substantial evidence, but we independently review whether the search was reasonable under the Fourth Amendment. (*People v. Ovieda* (2019) 7 Cal.5th 1034, 1041.)

"When executing a parole or probation search, the searching officer may look into closed containers that he or she reasonably believes are in the complete or joint control of the parolee or probationer." (*People v. Baker* (2008) 164 Cal.App.4th 1152, 1159.) "A probationer explicitly agrees to being placed on probation" and is "subject to a search clause" that he or she "has explicitly consented to." (*People v. Schmitz, supra*, 55 Cal.4th at p. 920.)

Our Supreme Court held, "[A]n officer conducting a search of a vehicle's passenger compartment based on a passenger's parole status may search items of personal property if the officer reasonably believes that the parolee owns the items or has the ability to exert control over them." (*People v. Schmitz, supra,* 55 Cal.4th at p. 930.) The search may extend beyond the defendant's "person and the seat he or she occupies." (*Id.* at p. 926.) It may extend to areas of the passenger compartment where the officer "reasonably expects that [the defendant] could have stowed personal belongings or discarded items when aware of police activity." (*Ibid.*) "Within these limits, the officer need not articulate specific facts indicating that the parolee has *actually* placed property or contraband in a particular location in the passenger compartment before searching that area." (*Ibid.*)

"[A] standard five-passenger automobile generally affords ready access to areas in both the front and the back seats." (*People v. Schmitz, supra*, 55 Cal.4th at p. 925.) This is "particularly significant" because "parolees have a heightened incentive to conceal or quickly dispose of incriminating evidence." (*Ibid.*) Imposing "an artificially narrow rule" that allows them to "frustrate a valid parole search simply by sitting in the front seat

4

of the car and placing or discarding his belongings in the back" defeats the "goals of parole." (*Id.* at p. 926.)

In *Schmitz*, a police officer, "aware that the front seat passenger was on parole, searched the backseat of defendant's car and recovered drugs and drug paraphernalia from a chips bag." (*People v. Schmitz, supra*, 55 Cal.4th at p. 913.) The court held it was "objectively reasonable for the officer to believe that the parolee was able to reach back and conceal contraband inside the chips bag." (*Id.* at p. 931.) The search was lawful.

These holdings involving parole searches also apply to probation searches of vehicles. (*People v. Maxwell* (2020) 58 Cal.App.5th 546, 556.)

Here Morales conducted a probation search of the vehicle and discovered the gun and drugs in a backpack on the front passenger floorboard.

Hernandez claims that because he was in the back seat and the backpack was near the front passenger area, the police could only search the rear seat. But such a restriction on a probation vehicle search is not authorized by *Schmitz*. Detective Morales showed Hernandez was able to place the backpack there from the back seat. He said, "[Y]ou can reach around and grab the backpack from the back seat." There was nothing to prevent Hernandez from placing it there because this was a "normal size sedan" and "it's not that far to reach across."

As in *Schmitz*, this standard sedan gave Hernandez "ready access to areas in both the front and the back seats." (*People v. Schmitz, supra*, 55 Cal.4th at p. 925.) Because it was "objectively reasonable for the officer to believe" Hernandez was able to place the backpack in the front floorboard area, the search was lawful. (*Id.* at p. 931.)

5

Hernandez cites *People v. Baker, supra*, 164 Cal.App.4th 1152, but that case is distinguishable. There a police officer conducted a parole search because the male car driver was on parole. The officer found drugs in a purse belonging to the defendant female passenger. The court held the officer had no reasonable suspicion that the female defendant's purse belonged to the male driver who was subject to the parole search. The female defendant was not on parole. Here, by contrast, Hernandez was on probation, the backpack was not an item for a different gender, and he had the ability to place the backpack in the front area consistent with *Schmitz*.

Hernandez cites *Claypool v. Superior Court* (2022) 85 Cal.App.5th 1092, but that case is distinguishable. There the court held the back seat passenger could not have placed a gun in a locked glove box without assistance from two people in the front seat, one of whom had the keys to the box. The court noted this case was different from *Schmitz* where the "parolee himself was able to reach back and secrete contraband in the items." (*Claypool*, at p. 1098.)

Hernandez claims *Schmitz* "[s]hould [b]e [r]econsidered." But we are bound by it. (*Auto Equity Sales v. Superior Court* (1962) 57 Cal.2d 450, 455.)

We have reviewed Hernandez's remaining contentions and we conclude he has not shown grounds for reversal.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


CODY, J.

David M. Hirsch, Judge

Superior Court County of Ventura

_____

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Ana R. Duarte and Kenneth C. Byrne, Deputy Attorneys General, for Plaintiff and Respondent.